Charles C. MacLean, J.
The defendant, a resident of the village, was charged with having operated a motor vehicle while unlicensed, in violation of section 501 of the Vehicle and Traffic Law. She was arraigned on such charge — a misdemeanor— on February 5, 1966, when she pleaded not guilty and failed to demand a jury. The trial took place on April 30, 1966, and at the conclusion thereof the court reserved decision on the defendant’s motions and adjourned the case te this date.
The sole evidence in the case is the testimony of a police officer that he had been called by a Mrs. Ruppert, a resident of the village, to the scene of “ an accident ’ ’ (which was not described by any competent evidence), where he found the defendant and Mrs. Ruppert in the Ruppert’s driveway, that the defendant “claimed” that she had been involved in the accident while driving an automobile which she identified as one that was then parked in the Ruppert driveway (but the condition of which was not described), that in the course of filling out an accident report he asked her for her operator’s license and she informed him that she had no license, and that since that time she had produced the registration for the vehicle showing ownership thereof in her husband, but had not produced a valid New York State driver’s license.
The defendant moved to strike the officer’s testimony concerning his conversation with defendant on the ground that the People had not given the defendant written notice before the commencement of the trial, as required by section 813-f of the Code of Criminal Procedure, of the intention to offer defendant’s confession in evidence. The court reserved decision on such motion. On cross-examination the officer stated that he had not seen the defendant operate the vehicle.
*646 When counsel for the defendant raised the objection based on failure to comply with section 813-f, the court asked him whether he would like to have an adjournment and offered to grant one to May 21. Counsel declined, saying, “ We proceeded to trial; after this admission has been introduced, that would not be the regular course of a criminal prosecution.”
Section 813-f is part of a new statute, designed to codify the so-called “ Massachusetts ” rule of procedure for determining the voluntariness of a confession. That rule was adopted by the Court of Appeals in People v. Huntley (15 N Y 2d 72 [1965]) following the decision of the Supreme Court in Jackson v. Denno (378 U. S. 368 [1964]). Prior to these cases the New York rule had been that the voluntariness of a confession was a jury question to be determined along with the question of guilt or innocence. In Jackson v. Demw, the Supreme Court held that, because of the difficulty a jury might have in separating the two questions, New York must give the defendant a separate hearing. Sections 813-g and 813-h of the new statute authorize a defendant to move for the suppression of a confession before trial and provide that the trial shall not be commenced until the motion has been determined. Section 813-f facilitates this procedure by providing that if the People propose to use a confession or admission in evidence, they must give reasonable notice of that fact to the defendant before trial.
The defendant’s position must be that the Legislature intended that, if the People failed to give the notice required by section 813-f, such failure should not be curable under any circumstances. It is difficult to believe that this is so, at least in a case in which the defendant is tried without a jury. The reason for the rule, i.e., to prevent prejudicial confusion of issues in jury cases, does not exist in such a ease. Indeed, the court is under the necessity of deciding both the question of admissibility of the confession and the weight to be given it. The statute does not require that the issue of admissibility be determined by a Judge other than the Trial Judge. And there would seem to be no constitutional requirement of that kind. (See Developments in the Law — Confessions, 79 Harv. L. Rev. 935, 1069 [1966].)
If the statute has any application in cases where a jury trial is waived or where none is allowed (as in the case of “ traffic infractions ” as defined in section 155 of the Vehicle and Traffic Law), the only purpose which can be attributed to the statute in such eases is to give the defendant time adequately to prepare his ease for questioning the voluntariness of a confession. In case of failure to give the notice specified in the statute, all possible prejudice to a defendant in a nonjury case can be *647 avoided by the grant of an adjournment for a reasonable period of time. Consequently, the .grant of such an adjournment, if requested by the defendant, should cure any failure to give the specified notice. Here, defendant declined an offer of an adjournment of .three weeks in which to make a motion to suppress or take such other action as she might deem advisable. She should be considered, therefore, to have waived this defect in the People’s procedure. Accordingly, the defendant’s motion to strike the officer’s testimony is denied. That is not, however, the end of the matter.
Section 395 of the Code of Criminal Procedure has long provided that a confession of a defendant ‘ is not sufficient to warrant his conviction, without additional proof that the crime charged has been committed ”, This section codifies the requirement of the common law that, in addition to the defendant’s confession, there must be proof of the corpus delicti. The gist of the violation of law charged in this proceeding is the operation of a motor vehicle upon a public highway of the State without being licensed for that purpose, But aside from the defendant’s admission, testified to by the officer, there is no proof of defendant’s operation of a vehicle or of her operation of it on a public highway other than the circumstances that she was found by the officer near a car, registered in her husband’s name, which was parked in the private driveway of a third party, following an “ accident ” which was not described.
Under the cases, direct proof of operation would not be necessary if the vehicle had been found stopped on the public highway with,only the defendant in it or nearby; the inference would have been permissible from such circumstances that she had operated the vehicle on the public highway. (People v. Blake, 5 N Y 2d 118 [1958]; see, also, People v. Belcher, 302 N. Y. 529 [1951].) But, here, the bare fact that the defendant was found with a family car parked in the driveway of a neighbor in the village is hardly compelling evidence that she drove the car on the public highway. It is entirely conceivable from these circumstances alone that someone other than the defendant drove the car to the point where it was found by the officer. Defendant’s conviction would be unwarranted, therefore, under the provisions of section 395 of the Code of Criminal Procedure. Accordingly, the complaint is dismissed.