THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v* ANITA FRANK, Defendant.

Supreme Court, Special and Trial Term, New York County, December 6, 1966.

*Rosen, Lotwin, Kantrowitz, Goldman & Gutwin* (*Lester Rosen* of counsel), for defendant. *Frank S. Hogan, District Attorney* (*Henry Dogen* of counsel), for plaintiff.

EDWARD R. DUDLEY, J. Application for a preliminary hearing seeking the suppression of certain statements as being involuntarily obtained (Code Crim. Pro., §§ 813-f, 813-g, 813-h).

Under the circumstances of this case, counsel for both sides have stipulated that the court shall decide a threshold question: Is defendant herein entitled to a hearing, as a matter of law, under the decision of *People* v. *Huntley* (15 N Y 2d 72) to contest the voluntariness of certain statements reputedly made by her, and even if the statements were not coerced is she entitled also to a hearing pursuant to the rules as found in *Miranda* v. *Arizona* (384 U. S. 436) to establish that she was not warned of her constitutional rights prior to making such statements.

Upon the oral argument of this motion counsel for defendant contended that, as an employee of a local department store, she was detained by a security guard of the store due to suspicion of theft and questioned by six security guards, wherein certain statements were made involuntarily and without benefit of any warning concerning her constitutional rights. Counsel concedes that these " security guards " are not police officers but urges that these guards have the same right of detention and interrogation as a policeman and consequently should be under the same duty to warn a suspect, citing section 218 of the General Business Law. The prosecution argues that as the police had no part in this case except to arrest defendant and

remove her to the local precinct, none of the prohibitions regarding admissibility of oral statements made by a suspect should apply.

There can be no doubt that any statements made by the accused, whether to the police or to a private person, are admissible in evidence so long as they are determined to be voluntary and not the product of coercion (Code Crim. Pro., § 395). It has always been the rule that the " ' true test of admissibility is that the confession is made freely, voluntarily and without compulsion or inducement of any sort ' " (*Haynes* v. *Washington*, 373 U. S. 503, 513). Therefore, inasmuch as defendant is now objecting to the use of these alleged statements at trial (cf. *People* v. *Terry*, 16 N Y 2d 731) the trial court is obliged to grant a preliminary hearing (*Jackson* v. *Denno*, 378 U. S. 368) on the issue of voluntariness, no matter to whom these statements were made (*People* v. *Harden*, 17 N Y 2d 470).

We note that although the prosecution gave defendant written notice of its intention to use certain statements at trial (Code Crim. Pro., § 813-f) the prosecution contends that this statute was enacted in response to the decision in *Jackson* v. *Denno* (378 U. S. 368, *supra*) which had reference to admissions made to the police. Hence, the People argue that inasmuch as there is no specific statute governing statements to private persons, that the defendant may not have a pretrial hearing but is relegated to her objection being made at trial when the statements are offered in evidence. The court rejects this interpretation of the statute, as nothing contained therein restricts its application to only statements obtained by the police. Moreover, if defendant is entitled to a hearing at all, it would seem more orderly procedure, and indeed we are required, to have the hearing at the pretrial stage (see *Peope* v. *Terry*, supra).

In the matter of the " security guards " failing to warn defendant of her constitutional rights we find nothing in section 218 of the General Business Law to suggest that such an employee is to be denominated the equivalent of a peace officer. While it is true that under this " Shoplifting Statute " (applicable to mercantile establishments) either a peace officer, the owner, or the owner's agent may detain and question a suspected shoplifter, if there be reasonable grounds to believe the person has committed larceny, nothing contained therein can be interpreted as placing any duty upon the self-same peace officer, owner, or owner's agent to warn a suspect of her rights. Consequently, we hold that this statute has no application to the issues in this case.

Counsel also cites *Miranda* v. *Arizona* (supra) in support of his argument that no suspect may be permitted to give incriminating statements without adequate warning of his rights. Although that is now the law, the circumstances in *Miranda* are clearly distinguishable from the present case, as it deals with certain newly pronounced principles of law, the burden of which only '' law enforcement officials must bear, often under trying circumstances '' (p. 481). Again, clearly enunciated by the court, is the observation that the decision discusses '' the relationship of the Fifth Amendment privilege to police interrogation '' (p. 491) because '' when an individual is taken into custody or otherwise deprived of his freedom by the authorities and is subjected to questioning, the privilege against self-incrimination is jeopardized '' (p. 478). Counsel has presented none to the court, and we have been unable to find any decision which extends this prohibition to non-law-enforcement officers. Further, there is no argument here that the '' security guards '' were acting for the police or did anything pursuant to their request. (Cf. *Corngold* v. *United States,* CA 9, 367 F. 2d 1.) Accordingly, we find that the '' security guards '' herein were under no duty to warn the defendant prior to obtaining any statements from her, and consequently, there is no issue presented warranting a hearing under the guidelines found in *Miranda* v. *Arizona* (supra).

Therefore, the motion is granted to the extent of providing defendant a hearing under *People* v. *Huntley* (supra) on the issue of the voluntariness of any statements which the prosecution intends to offer at the trial; and the motion is denied insofar as it seeks to suppress the evidence on the ground that the procedures outlined in *Miranda* v. *Arizona* (supra) were not followed in this case.