David O. Boehm, J.
Defendant was charged with the crime of petit larceny (Penal Law, § 155.25) and arraigned on May 18, 1970 in the Town Court of the Town of Greece. The case was adjourned to May 21, 1970 when the defendant appeared with counsel and a trial date was then set for July 22, 1970. Following a nonjury trial on July 22, 1970, the defendant was found guilty of the crime of petit larceny and sentenced to a term of probation for one year.
Defendant now appeals from the judgment of conviction upon a number of grounds:
(1) That he was denied his right to a jury trial;
(2) That neither he nor his counsel was notified before trial, pursuant to section 813-f of the Code of Criminal Procedure, of the People’s intention to use defendant’s confession or admission; and
(3) That his guilt was not proven beyond a reasonable doubt.
In the evening of May 18, 1970, at about 9:15 p.m., the defendant was apprehended in a department store in the Town of Greece and taken to a rear room by a store-employed uniformed security guard, a plainclothes store detective and the store manager. There he was asked to sign a 3-inch by 5-inch card in which he admitted his culpable conduct earlier that evening. He signed the card in the presence of a friend, the uniformed security guard and the store detective. The police did not arrive until ten or 15 minutes later, at which time he was placed under arrest.
The defendant objected to the introduction into evidence of the card on the ground that he had not been served with prior notice of the intended use of his statement as required by section 813-f of the Code of Criminal Procedure. The Assistant District Attorney argued that the defendant was not entitled to such notice in a nonjury trial. However, People v. Lee (27 A D 2d 700) appears otherwise.
The court directed the Assistant District Attorney then and there to write out an 813-f notice and serve it upon defense counsel, who claimed surprise, but stating that the defense would be given an opportunity to put in proof and examine as to the voluntariness of the statement, the court ordered the trial to proceed.
The transcript shows that before the trial began defense counsel asked for an adjournment and requested a jury trial. *361 This was summarily denied. In his amended affidavit of errors, defense counsel states that not until the evening of trial was he informed by the District Attorney that the People intended to put in evidence defendant’s signed statement and a request to see the statement was refused. It was for this .reason, he says, that a jury trial was demanded for the first time that evening.
Defendant argues that the failure to grant his motion for a jury trial deprived him of the opportunity to have- the defendant’s statements tested by a jury as well as a Judge; that the failure to grant him an adjournment prevented him from questioning the security guard on the issue of voluntariness because the People did not produce him as a witness and it was therefore necessary for the defendant to produce him.
Defendant further argues that, in the absence of Miranda warnings having been given before he signed the card, his statement should have been suppressed. However, no authority has been submitted for the proposition that Miranda warnings must be given when a statement is obtained by someone other than a police officer. In fact, the law is to the contrary (see e.g., People v. Mirenda, 23 N Y 2d 439 [cellmate]; People v. Frank, 52 Misc 2d 266 [security guard]), and I hold they were not required in this case, particularly since we are not dealing with the kind of pretainted confession which existed in People v. Ruppert (26 N Y 2d 437).
However, a Huntley hearing was required to determine. whether the guard and plainclothes detective were police agents and, if so, whether the statement was a voluntary one (People v. Mirenda, supra). Such a hearing was had here. The fact that the issues were not taken up in a completely separate hearing rather than as part of the trial itself does not make the proceeding defective. The purpose of a separate hearing is to avoid improperly influencing a jury. This danger does not exist in a nonjury trial.
The Trial Judge, who heard the testimony and viewed the witnesses, made a finding that the defendant’s signing of the card was voluntary. That determination will not be disturbed here. Nor was there error in having the Trial Judge also conduct the Huntley hearing (People v. Brown, 24 N Y 2d 168).
As to the District Attorney’s failure to serve an 813-f notice upon the defendant, the Court of Appeals has already ruled that such notice is not required where a statement is given to someone other than a police officer or police agent (People *362 v. Mirenda, supra, pp. 448-449). For the reasons set forth in People v. Frank (supra; see, also, People v. Horman, 22 N Y 2d 378), I hold that neither the security guard nor the store detective was a police agent; thus, it was not necessary to serve an 813-f notice upon the defendant before the trial.
We are met with an apparent anomaly. An 813-f notice is required when a statement is given to a police officer. It must be given in advance of trial; if not, the defendant is entitled to an adjournment (cf. People v. Ross, 21 N Y 2d 258, 262-263); People v. Herman, 50 Misc 2d 644, 646-647). The obvious purpose for such an adjournment is to enable him to make adequate preparation for an 813-g hearing. However, if a statement is given to a private person, the defendant is not ' entitled to an 813-f notice and, although entitled to a hearing to determine voluntariness and whether the private person is a police agent, he is not allowed a similar adjournment (cf. People v. Mirenda, supra; People v. Hooper, 22 N Y 2d 655).
It is difficult to understand the reason for the distinction. It would seem the better practice to permit an adjournment in both cases for, in either case, the same preliminary preparation may be essential. However, that question need not detain us for the purpose of this decision.
The basic question is whether the defendant’s motion for a jury trial should have been granted for, unless waived, his right to a jury trial in this case was absolute. (Uniform Justice Ct. Act, § 2011; Baldwin v. New York, 399 U. S. 66.) Was there a waiver here by not demanding a jury until the evening of trial? The trial court obviously held there was.
The Uniform Justice Court Act, which became effective September 1, 1967, governs town and village courts in the State. Of the 23 articles in the act, only one, article 20, deals with criminal jurisdiction and procedure. The very extensive and helpful commentaries of Professor David D. Siegel throughout the act are, for all practical purposes, solely concerned with civil procedure. Unfortunately, there are no similar aids for interpretation or for ascertainment of purpose in article 20.
Defense counsel commendably attempted to obtain for the court’s assistance copies of the legislative records and supporting memoranda dealing with section 2011 of the Uniform Justice Court Act, but was unsuccessful.
However, what the Legislature intended must be determined, in any event, by what it said. Section 2011 reads as follows: “In a court of special sessions persons accused of crime shall be entitled to a jury trial upon demand. Such jury trial shall be by a jury of six persons. Trial by jury shall be deemed to *363 be waived unless demand for the same is made by or in behalf of the defendant prior to the commencement of the trial.”
The pivotal question concerns the meaning of the words “ prior to the commencement of the trial ”. What do “ trial ” and “commencement” mean? Are these words intended to convey the same meaning which is found in section 702 of the Code of Criminal Procedure, which also deals with criminal jury trials in courts of special sessions? Section 702 states: ‘ ‘ Before the court hears any testimony upon the trial, the defendant may demand a trial by jury.”
Although this language is different from that in section 2011 of the Uniform Justice Court Act, can it be construed to mean the same thing? If so, it would have been most helpful had the Legislature said the same thing. But, perhaps the Legislature felt that applying the rule of construing a later statute (Uniform Justice Ct. Act, § 2011) with reference to the earlier one in pari materia (Code Crim. Pro., § 702), the meaning of “commencement of trial” in section 2011 of the Uniform Justice Court Act would be understood to mean the point at which “the court hears any testimony upon the trial” as in section 702 of the code.
“It is a general rule of statutory construction that earlier statutes are properly considered as illuminating the intent of the Legislature in passing later acts, especially where there is doubt as to how the later act should be construed, since when enacting a statute the Legislature is presumed to act with deliberation and with knowledge of the existing statutes on the same subject.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 222, p. 384).
A reference to other provisions in the Uniform Justice Court Act dealing with jury trials, particularly article 13, may also be helpful. Section 1303 sets forth exactly how a jury trial is to be obtained:
“ (a) If the defendant appears before the clerk to answer in person, he shall demand a jury trial, if desired, at that time. If he does not do so any other party may demand trial by jury by mailing such a demand to the clerk and all other parties within three days after receiving notice of the trial date as set forth in §1301 (a).
“ (b) If a motion is made to have a trial date set, as provided in §1301 (b), the movant shall include demand for trial by jury, if desired, in his notice of motion. If he omits to do so, any other party desiring trial by jury shall demand it in papers opposing the motion.
*364 “ (e) If the trial date is set by agreement pursuant to §1301 (c), the trial shall be without jury unless the stipulation provides otherwise.
“ (d) The party demanding trial by jury shall pay the fee therefor upon making the demand. If trial by jury is stipulated to, the stipulation shall provide for payment of the jury fee, and in the absence of providing therefor, it shall be paid by the plaintiff.
“ (e) Unless a jury is demanded or stipulated to, and the jury fee paid as above provided, trial by jury is waived.”
I do not believe that the Legislature intended these strict provisions dealing with jury trial in a civil case to attach to criminal trials as well. The procedure for each is separately treated in the Uniform Justice Court Act, not only as to the time and manner of making a jury demand, but even as to the procedure or absence of procedure for drawing and summoning jurors and the payment of their fees. It would accordingly seem that the same precise time limitation for making a civil jury demand contained in section 1303 cannot be read into section 2011. Although section 2012 permits jurors drawn in civil actions to be used in criminal cases, this appears to be for convenience only; it is significant that the permissive “ may ” is used rather than the mandatory ‘ ‘ shall ’ ’.
This conclusion is further supported by applying the rule of expressio unius est exclusio alterius. The specifically delineated time period for demanding a jury in article 13 for civil cases implies, by its absence in article 20, that it was not intended to place a limit less than “ prior to commencement of the trial ’ ’ as the time for demanding a jury in criminal cases.
Additionally, in the absence of anything to indicate a contrary legislative intent, the words used should be construed according to their technical sense. ‘ ‘ [W] ords having a precise and well settled legal meaning in the jurisprudence of the state are to be understood in such sense when used in statutes, unless a different meaning is plainly indicated.” (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 233, p. 396.)
The word “ trial ” has such a well-settled legal meaning (cf. People v. Jackson, 191 Misc. 457, 460, citing People ex rel. Steckler v. Warden, 259 N. Y. 430; 53 Am. Jur., Trial, § 2; 7 Carmody-Wait 2d, New York Practice, § 45:1).
Even more compellingly significant in this connection is section 340.40 of the new Criminal Procedure Law, which will now (as of Sept. 1, 1971) cover the subject of making a demand for *365 a jury trial in a Court of Special Sessions (designated “ Local Criminal Court ”) and the time required for making such a demand. It sets forth with the same kind of particularity found in section 1303 of the Uniform Justice Court Act how and when a jury trial must be demanded. We must assume that the Legislature purposely did not intend a more restrictive time requirement than the point where the trial began when it enacted section 2011 of the Uniform Justice Court Act, otherwise it no doubt would have used the same narrow precision in the language of that section.
A reading of subdivision 2 of section 340.40 of the new Criminal Procedure Law is instructive. It gives to a defendant charged with a misdemeanor the right to a jury trial provided he makes “ timely request pursuant to subdivision six ”. Subdivision 6 requires that such request 11 must be made at the time of entry of the plea of not guilty to the information” and then goes on to say: “For good cause shown the court may in its discretion grant a request for a jury trial or a three-judge trial made after the entry of the plea of not guilty but before the commencement of a single-judge trial; ” (emphasis supplied).
We are now able to ascertain quite easily the Legislature’s meaning of the words ‘ ‘ commencement of * * * trial ’ ’ because section 1.20 of the Criminal Procedure Law gives us a full set of definitions. Subdivision 11 of section 1.20 tells us the following: “ A jury trial commences with the selection of tie jury and includes all further proceedings through the rendition of a verdict. A non-jury trial commences with the first opening address, if there be any, and, if not, when the first witness is sworn, and includes all further proceedings through the rendition of a verdict.”
It is interesting to note that the Legislature applied the usual and well-established meaning to ‘ ‘ trial ’ ’. It would seem that the Legislature intended to give the same meaning to ‘1 trial ’ ’ in section 2011 of the Uniform Justice Court Act, something it also did in section 702 of the code. Neither reason nor purpose has been shown for giving “trial” any unique or different meaning in the Uniform Justice Court Act than it was given in the laws in pari materia enacted before and after it.
For the same reason, the word “ commencement ” in the Uniform Justice Court Act must be given the same meaning as the word 1 ‘ commences ’ ’ in the Criminal Procedure Law; in either context it means the same thing. It is the point *366 point had not been reached in the case at bar when the request for a jury was made. It was, therefore, error to deny the defendant’s application.
I know full well the practical problems that are involved in arranging for a jury in a trial at night in a Court of Special Sessions. But these problems existed as far back as 1845, when the law from which section 702 of the Code of Criminal Procedure is derived, was enacted. Both communication and movement were far slower then; nevertheless the Legislature mandated a jury trial right up to that fraction of a moment before the court heard testimony.
By the later language of section 2011 of the Uniform Justice Court Act in 1966, the Legislature moved that moment a little further back requiring that the jury demand be made before the apparatus of the trial itself began to move, i.e., jury selection, opening to the court, etc., rather than before the introduction of testimony. For all practical purposes, however, it still amounted to the same difference.
The very real problem of obtaining jurors at the last moment or, in the alternative, of being forced to an adjournment for that purpose, has now at last been eliminated by the clear language of subdivisions 2 and 6* of section 340.40 and subdivision 11 of section 1.20 of the Criminal Procedure Law which, as of September 1, 1971, will supersede section 2011 of the Uniform Justice Court Act. (L. 1971, ch. 1097, § 123.)
. The judgment of conviction is reversed and a new trial granted.

 The repeal of subdivision 6 effective Sept. 1, 1971 will, unfortunately, continue to impose the same unnecessary burden upon village and town justices’ courts.