Raymond E. Aldrich, Jr., J.
The defendant Benny F. Harris has been indicted for the commission of 12 crimes, and he now moves for an order suppressing from use as evidence a confession or admission in the form of a statement purportedly made by him to a public servant on the grounds that the statement was involuntarily, illegally and wrongfully obtained, or in the alternative, he moves for an order for a pretrial Huntley type hearing so that the court can hear evidence necessary to determine the motion.
The moving papers consist of the affidavit of defendant’s attorney in which he alleges his investigation indicates any statements made by his client to police officers were made involuntarily, and there is a serious question as. to the sufficiency of the required Miranda warnings purportedly given, together with a copy of the prosecutor’s notice of intention to offer evidence of a statement made by the defendant to a public servant (CPL 710.30), and a copy of the indictment.
The People oppose the motion by an affidavit of an Assistant District Attorney who states the ‘ ‘ motion is devoid of any facts or allegations made on personal knowledge which would entitle the defendant to either a suppression of the evidence or a pretrial Huntley Hearing ”, adding that CPL 710.60 “requires that these allegations be made ”.
This motion to suppress was made by the defendant immediately after the People served their notice of intention to offer evidence of a statement he purportedly gave to a public servant (CPL 710.30), and, obviously must have been generated by the prospect that the People had inculpatory evidence purportedly given by the defendant himself which should be suppressed before trial (CPL 710.40), or the defendant delayed at his own peril.
When such a suppression motion is made, the court has originally and primarily two courses of action (CPL 710.60), firstly (1) to summarily grant the motion if made upon sufficient papers and the People concede the truth of the facts which support the motion, or if the People stipulate such should be done, or secondly (2) the court may summarily deny the motion if the motion papers do not allege a ground constituting legal basis for the motion, or the sworn allegations of fact do not as a matter of law support the ground alleged, with the signifi *1091 cant exception, however, being that where the motion to suppress is based upon the ground that the statement of the defendant is involuntarily made, within the meaning of CPL 60.45, to a public servant (CPL 710.20, subd. 3), then sworn allegations of fact are not required (CPL 710.60, subd. 3, par. [b]).
Furthermore, where the court neither grants the motion nor denies it, then, in that ease, since the motion has been made, but obviously cannot be determined on the papers, the court must conduct a hearing for the simple reason that upon determining a motion to suppress evidence, the court “ must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination ”, and this statutory requirement must be met in any event ‘ ‘ regardless of whether a hearing ” has been conducted (CPL 710.60, subd. 6).
This court cannot summarily deny the motion because constitutional grounds constituting legal basis for the motion are alleged (CPL 710.60, subd. 3, par. [a]), nor can the motion be summarily granted since the People have not conceded the truth of any allegations of fact, or stipulated that the evidence sought to be suppressed will not be offered in evidence (CPL 710.60, subd. 2, pars, [a] and [b]).
The papers submitted on both sides make such findings, conclusions and reasons impossible of expression for the bases therefor are nowhere found in the papers, and therefore a hearing must be conducted to make these findings essential to the determination of the motion.
This defendant has raised constitutional objections to the use as evidence of his purported statement by alleging involuntariness, which involves among other questions the giving of Miranda warnings, and whether force, improper conduct or undue pressure was exercised, and even though he does not make his own affidavit, the constitutional objection of his attorney standing alone is sufficient to cast legal doubt upon the due process procedures guaranteed every defendant when he allegedly makes a statement involving a crime with which he is charged.
This court does not believe that the sworn allegations of fact mentioned in CPL 710.60 (subd. 1) are necessary in a case involving a statement allegedly involuntarily made, even if only so done by a defendant’s attorney’s affidavit, where Federal or State constitutional rights are claimed to be jeopardized by an officer of the court, to wit, an attorney for a defendant.
Tn another manner of expression, a defendant who raises *1092 questions of his violation of constitutional rights and deprivation of due process is not required to allege allegations of fact when he makes claim that his statement to a public servant engaged in law enforcement activity or to a person then acting under his direction or in co-operation with him, was made within the meaning of CPL 60.45, but he need only allege that his constitutional rights are violated without reciting any sworn allegations of fact. To hold otherwise would be tantamount to emasculating the concept that a statement of a defendant cannot be used against him upon a trial until he has had a preliminary hearing on the issue of voluntariness which is the foundation of our fundamental constitutional rights under due process and privilege against self incrimination. (CPL 710.20, subd. 3; CPL 710.60, subd. 3, par. [b]; People v. Huntley, 15 N Y 2d 72.)
For the foregoing reasons, the motion is neither granted nor denied, at this time, but a hearing is ordered, such to take place a reasonable time prior to trial, in order that evidence be taken, and findings of fact and conclusions of law be made indicating the reasons for the determination of the motion, and further to permit the defendant the full guarantee of his constitutional rights to make further motions dependent upon the outcome of the hearing and in order to permit him to adequately prepare for trial utilizing the evidence he may have gained as a result of the hearing.