Carrol S. Walsh, J.
Motion by defendant for an order granting him a hearing on the voluntariness of a statement allegedly made by him in connection with the crime for which he was indicted, specifically, grand larceny in the second degree.
The statement in question was allegedly made to one Steven R. Schutt and one Galen G. Kelly, licensed private investigators and employees of Management Safeguards, Inc., a private investigating company, which had been retained by the parent company of Loeb International to investigate the disappearance of skins from the latter’s place of business in Johnstown. Defendant contends that the statement was unconstitutionally and fraudulently obtained, as well as having been obtained by coercion and under circumstances which caused it to be involuntarily given.
Defendant further contends that the persons to whom said statement was allegedly 'given were working in co-operation with and as agents of several local law enforcement agencies, including the District Attorney’s office. Defendant, in support of this contention, calls the attention of the court to a notice pursuant to iCPL 710:30 which was served upon him by the District Attorney that during the trial the People intend to offer evidence of a statement made by the defendant to a public servant.
The District Attorney opposes the motion on the grounds that the statement allegedly made by the defendant was to private persons, and submits affidavits from the responsible head of each of the local law enforcement agencies that his respective agency was not aware of and had no knowledge of the investigation being conducted by Management Safeguards, Inc., or by .Schutt or Kelly, and had no contact with them. However, on October 22, 1973, the day before the statement was taken, the then acting District Attorney was contacted by Kelly, *670 told of the investigation, and was also asked hy Kelly if immunity would he granted one Doherty in connection with the matter, which the District Attorney did grant. This, the District Attorney contends, however, does not make Schutt and Kelly agents of the police.
Furthermore, the District Attorney, in an affidavit, informs the court that the purpose of giving notice of intention to use the statement at the trial was to obviate any claim of surprise, but he inadvertently overlooked altering the form by omitting the -words ■“ public servant ”, arguing that in fact .Schutt and Kelly are not public servants, and those words should not have been included in the notice. The District Attorney further argues that no notice of intent to use a statement given to private persons is required; and, in any event, the defendant fails to set forth sufficient grounds to permit the court to grant a hearing, under the provisions of -GPL 710.60.
Motion of defendant for an order granting a hearing is granted. While it is true that the notice required by subdivision 1 of GPL 710.30 applies only in the case of a statement given to a public servant and is not required when a statement has been given to a private person, he is nonetheless entitled to a hearing to determine voluntariness and whether the private person is a police agent. (People v. Pease, 67 Misc 2d 359.) If no question is raised in respect to the voluntariness of an admission made to a private person there is no need to require a hearing. (People v. Mirenda, 23 N Y 2d 439.) However, this question of voluntariness has been raised by defendant herein, and sworn allegations of fact are not necessary in the moving papers where the motion is based upon the ground of involuntariness of a statement within the meaning of CPL 60.45 (CPL 710.60, subd. 3, par. [b]). (See, also, People v. Harris, 68 Misc 2d 1089.) I hold that the latter section cited, in view of the provisions of section 60.45 (subd. 1 and subd. 2, par. [a]), applies in the case of a statement or admission made by a defendant to a private person, and thus a hearing is.required. There can be no doubt that any statements made by the accused, whether to the police or private persons, are admissible so long as they are determined to be voluntary and not the product of coercion. Therefore, inasmuch as the defendant is objecting to the use of the alleged statements at trial, the court is obliged to grant a preliminary hearing (Jackson v. Denno, 378 U. S. 368) on the issue of voluntariness, no matter to whom these statements were made. (People v. Harden, 17 N Y 2d 470; People v. Frank, 52 Misc 2d 266.)
*671 In addition, there is sufficient question raised by defendant as to whether or not Schutt and Kelly were police agents or working in co-operation with them, so as to require a hearing. There was contact between Kelly and the District Attorney concerning the investigation and its purpose prior to the alleged statement and admissions of the defendant, and inquiry should be allowed under the circumstances in order to develop the facts. (See People v. Ruppert, 26 N Y 2d 437.) Where defendant raises the issue of voluntariness of an admission made to a private person, who it is also claimed was acting as a police agent, the court should conduct a hearing. (People v. Mirenda, 23 N Y 2d 439, supra.) If a statement is given to a private person, while the defendant is not entitled to a prior notice of intent to use it at the trial, he is entitled to a hearing to determine voluntariness and whether the private person is a police agent. (People v. Pease, 67 Misc 2d 359, supra.)
People v. Mirenda (supra) and People v. Huntley (15 N Y 2d 72) must be deemed modified by virtue of the enactment of CPL 60.45. This new section interdicts statements, made by defendant, whether inculpatory or exculpatory, when made to a private person as well as to the police, if obtained as a result of coercion. The basic definition of involuntariness laid down in Townsend v. Sain (372 U. S. 293, 307) is left unchanged. But, the acts described in Townsend, as inducing involuntariness, now under New York Law apply equally to such acts if performed by private persons. (Ringel, Searches & Seizures, Arrests and Confessions, § 102.02.)
Motion of defendant granted, and it is ordered that a hearing be held.