Jasen, J.
(dissenting). CPL 710.30 establishes a mechanism whereby the voluntariness of statements made by a defendant to public servants can be tested at a hearing held in advance of trial. Whenever the prosecution intends to offer evidence of such statements at trial, it is required, in order to set the procedure in motion, to serve the defendant with a notice of its intention, specifying the evidence intended to be offered. (CPL 710.30, subd 1.) To give the defendant a reasonable opportunity to move to suppress the statement, the notice must ordinarily be served before trial. "For good cause shown”, however, the court may permit the prosecution to serve the notice during the trial, provided the defendant is given a reasonable opportunity to make his suppression motion. (CPL 710.30, subd 2.) If the statutory procedure is not complied with, the evidence of the defendant’s statements may not be admitted at the trial, except if the defendant, without benefit of notice, made an unsuccessful motion to suppress the statements. (CPL 710.30, subd 3.)
In this case, the defendant was charged with the misdemeanor of leaving the scene of an automobile accident in which damage to property was sustained without making a report. (Vehicle and Traffic Law, § 600.) At the trial, the prosecution sought to introduce the testimony of Detective George Moore, a member of the New York City Police Department, that the defendant had made certain admissions to him while being questioned at the station house. Due to an inadvertent oversight in the District Attorney’s office, the required notice of intent was not served until after the defense interposed an objection to this portion of the officer’s testimony. The trial court, exercising the discretion accorded it by CPL 710.30 (subd 2), found that there was good cause to permit the prosecution to serve the notice during trial. A suppression hearing was held, the statements were found to have been *326 made voluntarily, and the defendant was convicted.* The judgment of conviction was affirmed, without opinion, by the Appellate Term. A majority of this court would find that good cause did not exist to permit the late service of notice and that a new trial is necessary. I disagree. The requirements of CPL 710.30 were duly complied with and, accordingly, the order of the Appellate Term should be affirmed.
At the trial, Detective Moore testified that he had arrested the defendant and had advised him of his Miranda rights. Defense counsel objected to the admission of any statements made to the officer primarily upon the ground that the statutory notice had not been served. The trial assistant stated that he could "ask the Officer to step down and serve notice at this time and ask for a continued trial which I’d like to do it later.” After a side-bar conference, the trial assistant informed the court that he had conferred with defense counsel and was directing Detective Moore "to discuss thoroughly and fully and candidly all statements made to him by the defendant with the defendant’s attorney.” The trial assistant was then permitted to serve notice of intent to offer statements made to a public servant and the trial was then adjourned in order to give defense counsel the opportunity to interview Detective Moore.
After court was called back into session, the defense counsel took the position that, although the court had already continued the trial once and the defense did not want any further adjournments, "the statement cannot be used against us, and that defect cannot be cured with any amount of adjournments.” The court, relying on the discretionary authority conferred by CPL 710.30 (subd 2), permitted the late service of notice, "knowing that there’s no continuity or change in the Officer or District Attorney’s—such as this Assistant being aware of the fact that his prior associate may have or may have not served you. I’m sure if he had such continuity here, he would have served you this morning and in all possibilities, the case could have been adjourned prior to trial. But I’m going to allow him to have served you with that notice as he did earlier and ask you again if you desire an adjournment or *327 do you wish to proceed now.” The defense counsel replied that, "I do not desire an adjournment. I don’t think that’s the nature of the defect.” The court then proceeded to hold the required suppression hearing.
The notice of intent provision is not a discovery device. Rather, its function is to set into operation the statutory procedure for a pretrial hearing on the issue of voluntariness. (People v Harris, 25 NY2d 175, 177, affd 401 US 222; People v Lee, 27 AD2d 700.) Although the required notice generally should be given prior to trial, the statute recognizes that there may be circumstances in which the notice may be properly served during the trial. CPL 710.30 (subd 2) authorizes the trial court, in its discretion, to permit a later service of notice, if good cause is shown and if the defendant is given a reasonable opportunity to make his suppression motion.
In this case, there was a basis in the record from which the trial court could properly conclude that there was good cause to permit the late service of notice. There was an apparent administrative oversight in the District Attorney’s office. The two cases relied upon by the majority—Santobello v New York (404 US 257) and Giglio v United States (405 US 150)—involve situations in which the conduct of prosecution amounted to bad faith. In Santobello, one trial assistant promised, in conjunction with a plea bargain, that the prosecution would not make any recommendations as to sentences. Despite this promise, another prosecutor recommended that the Judge impose the maximum sentence of imprisonment. (404 US, at p 259.) In Giglio, one prosecutor promised a coconspirator that he would not be prosecuted if he co-operated with the government. At trial, another prosecutor argued to the jury that no promises of immunity had been made at all. (405 US, at pp 152-153.) Quite obviously, in both Santobello and Giglio, the conduct of the prosecution, taken as an entity, was in violation of its own prior assurances and resulted in severe prejudice to the defendant. In the present case, there was an administrative or clerical mistake in the District Attorney’s office. There was no bad faith and the defendant’s case was not impaired as a result of the oversight. The error was not caught until several hours after the trial had commenced. Had the discovery been made just a few hours earlier, prior to the commencement of trial, there would have been full statutory compliance. In any event, upon discovery of the error, the trial court took appropriate action to protect the defendant’s *328 rights. Defense counsel was offered whatever time he required to prepare for the suppression hearing. On the other hand, defense counsel twice refused to accept the offer of additional preparation time, insisting that no amount of adjournments could cure the defect and choosing to stand on the technical "nature of the defect”. The defendant did not contend and does not argue now that the late notice of intent prevented him from conducting a full and fair cross-examination of the police officer. The defendant cannot point to any additional matter that he would bring out on cross-examination if given another chance.
Where a defendant has been given ample time and can assert no claim of other prejudice, it is gamesmanship of the highest order to set aside a conviction on the basis of, what is at worst, a technical defect. The sting of any possible prejudice to the defendant was removed when the court adjourned the trial in order to give the defense an adequate opportunity to prepare for the suppression hearing. In a nonjury case, the defense cannot be hampered if the court grants an adjournment of reasonable length for this purpose. (People v Herman, 50 Misc 2d 644, 646-647.) While the granting of an adjournment for a substantial period of time poses obvious hazards where a jury is to resolve the issue of guilt, similar dangers are not present where the court is the trier of fact. It is significant that the defendant did not argue that the statement was made involuntarily and has failed to establish that he was prejudiced by the failure to send a pretrial notice. Even now, the defendant does not seek to have this court set aside his conviction on the ground that his statements were made involuntarily. (See People v Ross, 21 NY2d 258, 262.) Under these circumstances, it cannot be said that the trial court abused its discretion as a matter of law. Accordingly, its decision to permit the late service of notice should not be set aside. (See, e.g., People v Crimmins, 38 NY2d 407; People v Fein, 18 NY2d 162, 169, remittitur amd 18 NY2d 722, cert den 385 US 649, remittitur amd 19 NY2d 691, rehearing den 386 US 978; Cohen and Karger, Powers of the New York Court of Appeals, § 198, subd [b], p 745.)
It is quite ironic that the conviction of this defendant is to be reversed based on the literal wording of a statute designed to give him a reasonable opportunity to prepare for a hearing, when, in fact, he had ample preparation time and had refused the court’s offer of more time. A trial should not be a game of *329 chance in which the opposing players collect chips which are to be cashed in on appellate review. Rather than seeking to score points with technicalities, trial counsel should primarily concern themselves with insuring that the fundamental legal rights of their clients are protected. In this case, there was sufficient compliance with the statutory procedures and the defendant received all he was entitled to under the statute—a reasonable time to prepare for the hearing. I would affirm the order of the Appellate Term.
Judges Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur with Chief Judge Breitel; Judge Jasen dissents and votes to affirm in a separate opinion.
Order reversed, etc.

 Decision on the motion to suppress was reserved until the conclusion of the trial. After both sides had rested their case, the trial court found that the police officer’s testimony was admissible and denied the suppression motion. After listening to the arguments from counsel, the court subsequently found the defendant guilty as charged.