OPINION OF THE COURT
Max H. Galfunt, J.
The defendants were arrested on February 1, 1980, and charged with a violation of subdivision (b) of section 140.10 of the Penal Law, criminal trespass in the third degree, for an alleged trespass on school grounds.
This matter was tried before the court and decision rendered. However, because numerous questions were raised at trial, which was tried under a new subdivision (b) of section 140.10 of the Penal Law and is a case of first impression, this court rendered its verdict and stated decision would follow. This is the decision.
First, there was an issue relating to statements made to the dean of boys, Mr. Blumenthal, by the defendants to the effect that they were not students at the school in question, Jamaica High School. These statements were elicited during questioning by the dean of boys inside the school building. It is argued by defense counsel that (a) notice of these statements was required pursuant to CPL 710.30 (subd 1, par [a]) as notice of intention of the People to offer at trial statements made by the defendants to a public servant, and (b) that these statements should be suppressed as having been elicited in violation of the defendants’ constitutional rights.
With respect to the CPL 710.30 (subd 1, par [a]) issue, this court holds that the statements do not fall within the ambit of the statute. The dean of boys is not a "public servant” for purposes of the statute. People v Frank (52 Misc 2d 266) established that the question of voluntariness of a statement is valid whether the statement is made to a police officer or a private person, but the burdens of Miranda v Arizona (384 US 436) extend only to law enforcement officials. In a case involving CPL 710.30 (subd 1, par [a]), the court held that the legislative intent did not require "the District Attorney to notify defendants of admissions made to private parties who were not police agents.” (People v Mirenda, 23 NY2d 439, 448.) Miranda applies the Fifth Amendment privilege to police interrogation only, and in that regard only to a police custodial interrogation. (People v Williams, 53 Misc 2d 1086, 1089-1090, citing People v Frank, supra.) In a recent case in Nassau County First District Court, it was suggested that unless the *982 activity of the person to whom the statement was made was such that he was either an agent of or working in co-operation with the police, or doing anything pursuant to their request, then the person is acting as a private individual. (People v Johnson, 101 Misc 2d 833, 836, 837.) A Family Court case on point has held that a dean of boys interrogating a student on school grounds on a matter of school discipline, even though for an adult such matter would carry criminal penalities, was a private individual and neither Miranda nor CPL 710.30 (subd 1, par [a]) would be applicable. (Matter of Brendan H., 82 Misc 2d 1077.) This court therefore holds that the dean of boys was acting as a private individual in the instant case, and no CPL 710.30 (subd 1, par [a]) notice was necessary with regard to defendants’ statements.
In the light of the foregoing, there is no evidence to support a motion to suppress the statements of the defendants, and the motions to suppress are denied.
A motion was made on behalf of the defendants to dismiss at the close of the entire case for failure of the People to prove the guilt of the defendants beyond a reasonable doubt. That motion is hereby granted for the reasons set forth below.
This case is one of first impression with regard to the new subdivision (b) of section 140.10 of the Penal Law. It points up some of the problems in prosecution which the Supplementary Practice Commentary by Arnold Hechtman (McKinney’s Cons Laws of NY, Book 39, Penal Law, § 140.10, p 7, 1979-1980 Pocket Part) foreshadowed. The old section 140.10 covered school buildings under its broad-brush definition. However, the new subdivision (b) specifically carves out elementary and secondary school buildings for special treatment and requires either "conspicuously posted rules or regulations governing entry and use” of the school building or a "violation of a personally communicated request to leave the premises from a principal, custodian or other person in charge thereof’. These requirements present special proof problems evidence herein.
In this case, three youths were discovered inside Jamaica High School and were questioned by the dean of boys who obtained statements from the youths to the effect that they were not students at the school. Based upon these statements, the school authorities decided to have the youths prosecuted by the office of the District Attorney. The prosecution is limited to subdivision (b) of section 140.10 and general notice/ *983 imputed knowledge requirements of the predecessor 140.10 statute or the revised subdivision (a) of section 140.10 are inapplicable.
To succeed in a prosecution under subdivision (b) of section 140.10, the People must prove beyond a reasonable doubt that the defendants knowingly entered or remained in the school building in violation of conspicuously posted rules or regulations or in violation of a personally communicated request to leave. The credible testimony in evidence established that the defendants were observed inside the school building on February 1, 1980, and that they stated in response to questioning by the dean of boys that they were not students at the school. There was no testimony that it was ever ascertained whether or not the defendants had obtained "written permission” or had "a legitimate reason” or "legitimate business or * * * purpose” for being on the premises, as outlined in the companion revision to subdivison 5 of section 140.00 of the Penal Law added to comport with new subdivision (b) of section 140.10.
There was testimony as to the physical arrangement of the school, to the effect that it is surrounded by an iron fence and that persons entering must pass through one of the openings in the fence. Signs posted at each of the openings state, "Loiterers in vicinity of school, trespassers on school property, are subject to arrest for disorderly conduct. P. L. 722 (b)”. (The statutory reference is evidently to the Penal Law of 1909.) The signs are roughly two feet by two feet in size. An additional sign is posted 10 to 12 feet above the main entrance doorway. There are numerous doors, however, where no signs are posted, and significantly there was not testimony that any signs were in place on February 11, 1980.
On the basis of the credible testimony adduced at trial, the People failed to sustain their burden of establishing the defendants’ guilt beyond a reasonable doubt. This failure is due largely to the People’s failure to establish that the defendants were on notice that they were not permitted on the premises, and further that the defendants were there without a lawful purpose. Even assuming, arguendo, that posted notices were where they were alleged to be, and that they were in fact observed by the defendants, serious questions arise whether such notice, couched in terms of an outdated Penal Law, would be sufficient under subdivision (b) of section 140.10 of the Penal Law.
*984 Prior to the enactment of subdivision (b) of section 140.10, prosecutions were based on what is now subdivision (a) of section 140.10 which dealt with enclosed areas and buildings. Notice comes from the nature of the structure, an enclosure designed to exclude intruders. There has, however, been a requirement for trespass to unimproved and apparently unused lands that there be a showing that the intruder knowingly entered without license or privilege, and a requirement for notice personally communicated or posted conspicuously, for a successful prosecution under section 140.05 of the Penal Law. (People v Basch, 36 NY2d 154.) The Appellate Division, Fourth Department, expanded the “actual notice personally communicated/posted notice” requirement to public buildings in a case involving trespass (prior § 140.10) by juveniles in the hallways of a public hospital. (Matter of Martin James A., 60 AD2d 997.) The Martin result, it can be argued, is codified in the new subdivision (b) of section 140.10, insofar as school buildings are concerned. The net result is a much more stringent requirement that the People establish notice or knowledge on the defendant’s part before conviction is possible. Rather than the intended result of adding safety to schools, the opposite result may ensue from fewer successful trespass prosecutions under the new statute, given the proof problems of this case.
The defendants are hereby acquitted after trial.