*147 OPINION OF THE COURT
Stanley B. Katz, J.
The defendant, charged in a multiple count indictment for rape and sodomy, made an omnibus motion for certain relief but did not request any hearings, although he had received a CPL 710.30 (1) (a) notice that a statement had been made to a social worker in the presence of a police officer. Such notice was served subsequent to the Criminal Court arraignment of the defendant, but not after the Supreme Court arraignment.
The defendant now makes a supplemental motion to suppress the statement made to a caseworker of the Child Welfare Administration, arguing that such statement requires Miranda warnings, because, inter alia, the People stated in their answer to the defendant’s omnibus motion that the statement "was made prior to arrest and in the presence of any police agency”. (It should be noted that the People’s statement was volunteered, the defendant’s omnibus motion not referring to it.)
The People respond that a typographical error occurred in their answer to the omnibus motion, and the answer should have read, "was made prior to arrest and not in the presence of any police agency”. The People now maintain that no police officer or law enforcement authority was present. The People also argue that the section 710.30 notice was only provided as a matter of courtesy, and that any statement made to a child welfare caseworker does not require notice, or a hearing on suppression.
This court agrees with the People.
CPL 710.30 states, in pertinent part: "1. Whenever the People intend to offer at a trial (a) evidence of a statement made by a defendant to a public servant, which statement if involuntarily made would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20 * * * they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.”
This court finds that although notice was given after the Criminal Court arraignment, it was gratuitous and need not have been given at all, in view of the fact that no police officer was present when the statement was made. Additionally, notice would not have been required since it is clear that a "public servant” for purposes of CPL 710.30 is meant to pertain to those in law enforcement, or their agents (see, People v Brown, 143 Misc 2d 325 [Sup Ct, Bronx County 1989]; People v Irving C., 103 Misc 2d 980 [Crim Ct, Queens County 1980]), and not to social workers.
*148 This court is also aware that it is only when such statement "if involuntarily made would render the evidence thereof suppressible” that requires such notice. Here, the defendant alleges the failure of the "public servant” to give Miranda warnings (Miranda v Arizona, 384 US 436 [1966]) as the legal basis for his claim of involuntariness. Miranda, however, only applies to custodial interrogation by a law enforcement officer (see, People v Ray, 65 NY2d 282 [1985]; Prince, Richardson on Evidence § 8-254 [Parrel 11th ed]). Therefore, the statement to the caseworker, not a law enforcement officer, and where there is no allegation of custodial interrogation, does not require notice or a suppression hearing. (CPL 710.60 [3].)
Accordingly, the motion of the defendant is denied.