Marshall E. Livingston, J.
On August 24, 1963, the plaintiff (Pimm), a Rochester Telephone Corporation lineman, was repairing a broken telephone wire located on a utility pole owned by Rochester Gas & Electric Corporation (RG&E) on *1093 Mt. Read Boulevard in the Town of Greece, New York. Extending over the street from this pole was a street lighting fixture maintained by RG&E.
While Pimm was on the pole working on the telephone wire, his hand came into contact with the crane or arm of the street lighting fixture, and he received a severe electric shock causing him to fall from the pole and sustain serious injuries.
An assembly head (which holds the light and is actually the operating part of the fixture) had been installed at the end of the fixture arm during June of 1963 at the direction of RG&E by defendant and third-party plaintiff Utilities Contractors, Inc. (Utilities).
It was this allegedly defective assembly head which gave rise to these actions.
The “ head ” was manufactured and assembled by the third-party defendant Wheeler Reflector Company, Inc. (Wheeler) and was purchased by RG&E from third-party defendant Gray-bar Electric Co., Inc. (Graybar). It had been delivered, fully assembled, by Wheeler directly to RG&E, and by RG&E to Utilities for installation.
Pimm subsequently commenced an action against RG&E, which impleaded both Graybar and Wheeler. Graybar cross-claimed against Wheeler for indemnity. Pimm also sued Wheeler and Graybar separately in an action for defective manufacture and assembly of the “ head ” and also for breach of warranties. Pimm then sued Utilities, and with its answer Utilities served a third-party complaint on Graybar and Wheeler. Recently all of the above-mentioned actions were consolidated by Supreme Court order.
This motion is brought by Wheeler to dismiss the third-party complaint against it, pursuant to CPLR 3211 (subd. [a]) on the ground that the complaint fails to allege facts sufficient to constitute a cause of action.
In the primary complaint by Pimm against Utilities, paragraphs “ fourteenth ” and “ fifteenth ” charge Utilities with failure to inspect the light fixture generally: failure to properly inspect it before installation; failure to properly trace out the wires in the fixture; negligently connecting the wires in the fixture to the current carrying wires of RG&E so as to create a short circuit; failure to properly test after installation; damaging wires and connections while adjusting the photoelectric eye on the assembly head, thus creating a short circuit; failure to properly ground the fixture and arm after installation and failure to connect it with the common neutral system and ground wire on the pole.
*1094 The primary complaint also alleges that Utilities’ failure to properly inspect, connect the fixture to the arm, ground the fixture to the common neutral system and ground wire constitutes a violation of the safety rules of the United States Department of Commerce, National Bureau of Standards in such case made and provided.
Paragraph “sixteenth” of Pimm’s complaint alleges that Utilities “ knew or should have known ” the fixture was a trap because of its dangerous and defective condition, which had existed for an unreasonable length of time. Pimm further claims that Utilities failed to make proper inspections, and that it could have ascertained the dangerous and defective condition of the fixture; that Utilities in the exercise of due care should or could have ascertained that said fixture was improperly manufactured, assembled and was unfit for its intended use.
Paragraph “nineteenth” of Pimm’s complaint against Utilities alleges that his injuries were caused wholly and solely by reason of the negligence of Utilities, BG&E, Graybar and Wheeler.
The acts of omission and commission alleged against Utilities alone in paragraphs “ eoueteenth ” and “ fifteenth ” of Pimm’s complaint are all acts of active negligence, and where such acts concur in causing damages, there is no right of recovery over under the theory of common-law indemnity (Bush Term. Bldgs. Co. v. Luckenbach S. S. Co., 9 N Y 2d 426; Putvin v. Buffalo Elec. Co., 5 N Y 2d 447).
It is true that if Wheeler delivered an unsafe and defective assembly head which Utilities installed, then Wheeler was also one of the principal wrongdoers. However, in Tipaldi v. Riverside Mem. Chapel (273 App. Div. 414, 418), it is stated: “A primary or principal wrongdoer is responsible for his negligent act not only to the person directly injured, but also to one indirectly harmed by being cast in damages by operation of law for the wrongful act. This right to indemnity is subject to the exception that it will not be applied in favor of one contributing to the direct injury by his own active negligence.” (Italics supplied.) Here the primary complaint definitely alleges direct active negligence on the part of Utilities.
It is urged that paragraph “sixteenth” of Pimm’s complaint does allege passive negligence on the part of Utilities in failing to discover the alleged defective condition of the assembly head, and therefore, a third-party action may be maintained even though Utilities is also charged with active negligence (Johnson v. Endicott Johnson Corp., 278 App. Div. 626; Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, supra). How *1095 ever, the basic and underlying allegation in paragraph ‘ sixteenth ” is the failure by Utilities to inspect, and this is active negligence, not passive negligence (Monahan v. Ford Motor Co., 231 N. Y. S. 2d 187) which can be passed on to Wheeler through implied indemnity.
This case is to be distinguished from Johnson v. Endicott Johnson Corp. (supra). There the defendant and third-party plaintiff maintained and used the hoist upon which the plaintiff was hurt. The complaint was very broadly framed and under its allegations, it could be found that the defendant’s active negligence caused plaintiff’s injuries. Passive negligence as well was charged to defendant, and defendant’s third-party complaint alleged affirmative and active negligence by Hagopian, the steel erectors who were operating the hoist when plaintiff was hurt. The court said: “ Since the complaint in the main action pleads a cause upon which recovery for passive negligence is possible, it is proper to join a third party who, for active negligence bringing about the injury, may be liable over to the original defendant.”
The assembly head here was merely in Utilities’ hands for installation. It was the property of RG&E. Utilities was an independent contractor, and as such, owed a definite duty to properly install, test, check and inspect all work performed by it. Wheeler also had a duty to furnish safe and effective fixtures.
Furthermore, Utilities in the first two causes of action of its third-party complaint against Wheeler (pars. “ 20 ”, “ 21 ”, “25” and “26”) demands that if Pimm recovers a verdict against' Utilities by reason of the facts alleged in his complaint, any liability of Utilities to Pimm will be the direct and proximate result of Wheeler’s and Graybar’s representations and warranties that the assembly head was safe.
In the last two causes of action in the third-party complaint (pars. “ 31 ”, “ 32 ”, “ 38 ” and “ 39 ”), Utilities also demands that if Pimm recovers a verdict against it for other than the negligent installation of the assembly head, Wheeler and Gray-bar are or may be liable over to Utilities for the full amount of any recovery obtained from Utilities, including the expense of defending the action. These ad damnum clauses ask for full reimbursement from Wheeler and Graybar for all damages that may be assessed against Utilities. This is improper because Utilities is actually seeking to avoid the consequences of its own alleged active negligence by claiming indemnity for the same from Wheeler and Graybar.
The primary complaint alleges active negligence only against Utilities, and therefore, the third-party complaint against *1096 Wheeler must be dismissed. If Utilities and Wheeler are liable to plaintiff, it is as joint tort-feasors, and implied indemnity cannot apply between them.
The motion of third-party defendant Wheeler is granted.