■ FLOYD PIMM, Plaintiff, v. UTILITIES CONTRACTORS, INC., Defendant and Third-Party Plaintiff-Appellant. WHEELER REFLECTOR COMPANY, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant.— Order unanimously reversed and motion denied, all without costs. Memorandum: We said in *Donnelly* v. *Rochester Gas & Elec. Corp.* (21 A D 2d 740): "It is not clear that the plaintiff cannot recover from the defendant Rochester Gas and Electric Corporation on the basis of passive negligence. That being so, the second cause of action in the third-party complaint was improperly dismissed as insufficient in law. This is particularly so when the cause of action which was dismissed is viewed in the light of 3013 and subdivision (a) of 3017 of the Civil Practice Law and Rules. (See, also, 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3013.03; also *Foley* v. *D'Agostino,* 21 A D 2d 60.)" The same legal principles and reasoning apply to the present case. (Appeal by third party plaintiff from order of Monroe Special Term, granting motion of third-party defendant to dismiss third-party complaint.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ. [50 Misc 2d 1092.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM LEE, JR., Appellant.— Judgment unanimously reversed and new trial granted. Memorandum: An indictment was returned charging appellant with robbery, first degree, and grand larceny, first degree. Thereafter the court determined that he was eligible for adjudication as a youthful offender and a nonjury trial ensued. The statute (Code Crim. Pro., § 913-q) mandates that the provisions of that code shall apply to a youthful offender proceeding. (Cf. *People* v. *Shannon,* 1 A D 2d 226, affd. 2 N Y 2d 792.) Upon the trial two police officers testified to certain oral admissions made by defendant. A motion to suppress the testimony on this issue of one officer was granted but was denied as to the other officer. Next a formal stenographic statement made by defendant was read into the record. The court denied a motion to suppress. All of these rulings were made without giving appellant an opportunity to testify before the statements were received. Lastly and most grievous this trial post-dated the effective date (July 16, 1965) of chapter 846 of the Laws of 1965 which added sections 813-f to 813-i, inclusive, to the Code of Criminal Procedure. Here there was a complete failure to give the pretrial notice (§ 813-f) that the People intended to offer the oral and written admissions of defendant. Such action would have permitted an orderly hearing and determination of the issue of the voluntariness of the several statements. (Appeal from a judgment of Monroe County Court adjudging defendant a youthful offender.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

■ ETHEL M. MOSHER, Respondent, v. EASTMAN KODAK Co. et al., Respondents. FRANCES D. MOSHER, Appellant, v. EASTMAN KODAK Co. et al., Respondents.— Order unanimously affirmed, without costs. Memorandum: If any party to this action applies for a preference, it should be granted. (Appeal from order of Monroe Special Term denying plaintiff's motion for leave to reargue motion for summary judgment.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.