Scileppi, J.
Defendant appeals by permission of an Associate Justice of the Appellate Division, Second Department, from a judgment of that court affirming a judgment of the Supreme Court, Kings County, convicting the defendant, after trial, of criminally buying and receiving stolen property as a felony and sentencing him as a second felony offender for a term of from 5 to 7½ years.
At the trial, Patrolman Zilinske, who arrested the defendant while he was in possession of a stolen automobile, testified in part as follows:
‘‘ Q. Tell us what happened when you put the siren on and pulled up? A. Well, the car pulled over to the curb, and I proceeded to it, and asked the driver to produce his license and registration.
‘‘ Q. And what happened, what did you say to him and what did he say to you?
‘‘ Mr. Schwartz : Objection to any conversation.
“ The Court: Overruled.
“ Q. What did you say to him and what did he say to you? A. He produced a registration and he told me that he had left his driver’s license in another pair of pants home.
“ Q. And did you examine the registration? A. Yes, I did.
“ Q. And what—could you tell us what you observed? A. Well—I observed that the car was registered in a woman’s name, Miss Estelle Garrett.
*261 “ Q. Did you question Mm concerning the car? A. Yes, I did.
“ Q. What did you ask him and what did he say to you?
“ Mr. Schwartz: Object to any conversations.
“ The Court: Overruled.
“ A. I asked Mm where he obtained the car, and he told me that someone had loaned it to Mm a week ago.
‘‘ Q. Did you ask him when he had gotten it, what he meant by a week ago? A. Yes, he said the Saturday prior to this day; I believe it would be the 23rd.
“ Q. And did you ask Mm who had loaned it to him? A. He said some woman that he met in a bar loaned Mm the car.
‘‘ Mr. Schwartz : If your Honor please, I move to strike out the answers upon the grounds that they are hearsay.
“ The Court: Overruled. In a bar and grill, you say?
‘‘ The Witness : Yes, sir.
“ Q. Did you question him further as to her identification? A. No. That was all—I questioned him at that time.”
Zilinske further testified that, after he arrested the defendant and took Mm to the station house, the defendant said that he only met the woman once, he did not even know her name, and he did not know where she lived. Zilinske also stated that he examined the car and found, among other damage, that the vent window was sprung.
On cross-examination, he testified that he had made a memorandum entry in connection with this case in his official memorandum book. He had forgotten, however, to bring the book with him, despite requests to do so by both the District Attorney and defense counsel. The court asked Zilinske .what the book contained, and the following colloquy took place:
“ The Witness : I made an entry of the defendant’s name, his age, his address, and the circumstances that we just—the alarm number of the car and such things, and the plate number and so on.
“ Mr. Schwartz: I respectfully object and move to strike out the answer as not being the best evidence.
“ The Court: All right, strike it out.”
On this appeal, the defendant points to section 813-f of the Code of Criminal Procedure which provides: “In a case where the people intend to offer a confession or admission in evidence upon a trial of a defendant, the people must, within a reasonable *262 time before the commencement of the trial, give written notice of such intention to the defendant, or to his counsel if he is represented by counsel.” He argues that the statements made to Patrolman Zilinske were admissions; therefore, reversible error was committed by allowing Zilinske to testify as to them since no notice of intention to offer such admissions was given to him by the District Attorney, pursuant to the mandate of the above statute.
The District Attorney argues, in opposition, that the statute is not applicable because the defendant’s statements were intended to be exculpatory. Although, under the circumstances of this case, we find the District Attorney’s argument untenable, because the defendant’s statements served as the sole evidence to establish that the car had been stolen by someone else—and without such showing the defendant could not be convicted of receiving stolen goods—we find the defendant’s argument equally untenable.
It seems to us that, by failing to object to Zilinske’s testimony on the ground that the statute had not been complied with, the defendant waived his right. It is significant also that he did not object on the ground that the statements were involuntary, for the obvious purpose of the statute is to give a defendant adequate time to prepare his case for questioning the voluntariness of a confession or admission (People v. Herman, 50 Misc 2d 644; cf. People v. Huntley, 15 N Y 2d 72; People v. Lee, 27 A D 2d 700). The defendant did not request a Huntley hearing, and in no way demonstrated that he was prejudiced by the failure to comply with the statute. Indeed, even on this appeal, the defendant does not seek to move this court by urging the involuntariness of his statements.
It would also seem that defendant has not saved the question for review. His first two objections to Zilinske’s testimony were general objections “ to conversations ”. It is well settled that, when a general objection is overruled, “ all grounds of objection which might have been obviated, if they had been specifically stated, must be deemed [on appeal] to have been waived” (People v. Murphy, 135 N. Y. 450, 455; Richardson, Evidence [Prince, 9th ed.], § 543). A specific objection addressed to the failure to comply with the statute might well have obviated the ground of objection. The court could have postponed the trial *263 pending the outcome of a Huntley type hearing if the defendant intended to controvert the voluntariness of the “ admissions
The defendant’s other objection to the testimony was on the specific ground of hearsay, and only that ground can be considered on appeal unless there is no purpose for which the evidence was admissible (Matter of Budziejko, 277 App. Div. 829). Defendant, however, makes no argument on this appeal as to hearsay.
Defendant next urges that reversible error was committed by a failure to strike Zilinske’s testimony after he failed to produce his memorandum book at trial. This argument, of course, is predicated on our holdings in People v. Rosario (9 N Y 2d 286) and People v. Malinsky (15 N Y 2d 86). In the latter case we said (pp. 90-91):
“As to the latter contention, the court is of the opinion that Detective Sullivan’s notes should have been turned over to the defendants for their inspection and possible use. We made it unmistakably clear in People v. Rosario (9 N Y 2d 286) that defense counsel must be permitted to examine a witness’ prior statement, whether or not it differs from his testimony on the stand, and to decide for themselves the use to be made of it on cross-examination, provided only that the statement ‘ relates to the subject matter of the witness’ testimony and contains nothing that must be kept confidential ’ (p. 289). And, obviously, it matters not whether the witness is testifying upon a trial or at a hearing. In either event, ‘ a right sense of justice ’ entitles the defense to ascertain what the witness said about the subject under consideration on an earlier occasion.
“ The notes made by Sullivan in this case unquestionably relate to the subject matter of his testimony and, since there is no claim that they contain anything which has to be kept confidential, they should have been, without more, turned over to the defense. In view of our decision in Rosario (9 N Y 2d 286, supra), the judge presiding may not allow the People to keep from the defendants’ counsel statements or notes made by a witness upon the ground that nothing in them could assist the defense or that no prejudice would result from withholding them.”
In our opinion, defendant’s reliance on Rosario and Malinsky is misplaced. In both those cases, a request was made by the *264 defendant that the People produce the matter and the request was denied. In the case at bar, the record indicates that the defendant made no motion directed to the subject memorandum book and made no motion to strike the testimony. If the memorandum book was so crucial to the defense, counsel had three alternatives: (1) he could have requested the court to direct the officer to produce it; (2) he could have requested an adjournment and served a subpoena upon the policeman; (3) he could have served a subpoena before the trial upon the policeman. In any event, defendant made no motion to strike the testimony nor did he in any other way seek the aid of the court as he clearly could have done under the Rosario and Malinsky cases.
Lastly, we have considered the defendant’s contention that the evidence was insufficient to sustain the conviction and find it to be without merit.
Accordingly, the judgment appealed from should be affirmed.