■ In the Matter of the Accounting of JAY G. DeREMER, as Trustee under Trust Agreement Made by CAMILLA H. KELLEY, as Grantor, Respondent. CAMILLA H. KELLEY, Appellant; MORGAN GUARANTY TRUST COMPANY et al., Respondents. In the Matter of CAMILLA H. KELLEY, Appellant; DIANE M. DeREMER et al., Respondents.— Order, entered on March 18, 1968, in this article 77 proceeding for the judicial settlement of a trustee's account, unanimously modified, on the law and the facts and as a matter of discretion, to the extent of vacating so much thereof as appoints a private referee, and, as so modified, affirmed, without costs and without disbursements to any party. A private referee should not have been appointed without consent (*Werner* v. *Jocelyn-Varn Oil Co.*, 30 A D 2d 648; *Matter of Wilder* v. *Straus-Duparquet*, 5 A D 2d 1; *Sheean* v. *Allen*, 19 A D 2d 595; *Matter of Cross*, 25 A D 2d 645). Concur — Steuer, J. P., Capozzoli, Tilzer, Rabin and Macken, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EMILIO GUERRA, ALFREDO RODRIGUEZ and EUGENIO HERNANDEZ, Appellants.— Judgments of conviction of Emilio Guerra and Alfredo Rodriguez unanimously reversed, on the law, and a new trial of said defendants ordered. Judgment of conviction of defendant Eugenio Hernandez unanimously affirmed. The self-incriminating statements by Guerra and Rodriguez, to which Detective Bermudez testified, should have been excluded. These two defendants were given neither the notice prescribed by section 813-f of the Code of Criminal Procedure, nor, when arrested, the warnings enjoined by *Miranda* v. *Arizona* (384 U. S. 436). The People imply that the requirements were waived by the assertedly irregular manner of taking objection to the testimony. There was not a complete failure to object (cf. *People* v. *Ross*, 21 N Y 2d 258, 262), and although it may be that the objection could have been voiced earlier, there is no indication that unfair tactical design prompted whatever delay occurred. In our opinion it would be unjust in the case before us to allow its outcome to turn on the degree of alertness of counsel. We find without basis, also, the suggestion that the *Miranda* warnings may be dispensed with if admissions after arrest are elicited by deception and not by open questioning (cf. *Massiah* v. *United States*, 377 U. S. 201). *People* v. *McQueen* (18 N Y 2d 337, 346), cited in support of the suggestion, was a case to which *Miranda* was expressly held inapplicable, and the statement in the opinion on which the People rely must be read in that context. Accordingly, defendants Guerra and Rodriguez should be granted a new trial. In the circumstances, it is unnecessary to discuss other points pressed by them or by the People with respect to them. The clear case against Hernandez is not vulnerable to the arguments available to his codefendants. He had been given notice pursuant to section 813-f, and in the pretrial hearing which followed it was determined that his statements to Detective Bermudez were voluntarily made. Furthermore, they were made long before he was taken into custody. Concur — Botein, P. J., Capozzoli, Tilzer, McGivern and McNally, JJ.

■ In the Matter of ROBERT L. GILL et al., Respondents. M. ELIZABETH GAIR, an Alleged Incompetent Person, Appellant.— Order, entered January 8, 1968, unanimously affirmed, without costs and disbursements. The court does not reach or determine the question as to its power, in a proceeding for declaration of incompetency, to make an allowance to the attorneys for an incompetent under proper circumstances. Concur — Eager, J. P., McGivern, Rabin and McNally, JJ.; Capozzoli, J., concurs in the result but would affirm without prejudice to the pursuit of any other remedy appellant may have.