Chief Judge Breitel.
Defendant appeals from a conviction, after nonjury trial, for leaving the scene of an accident without reporting property damage (Vehicle and Traffic Law, § 600). He was sentenced to an unconditional discharge and his motor vehicle operator’s license revoked. The Appellate Term affirmed, without opinion. Defendant’s operator’s license has since been reinstated pursuant to the filing of a certificate of relief from civil disabilities (Correction Law, § 702, subd 1).
The issue is whether the People’s failure to give defendant the statutory notice before trial that they intended to offer inculpatory admissions by him to a police officer because of "a lack of office continuity” or other office failure constituted good cause under the applicable statute.
There should be a reversal. A "lack of continuity” or other office failure in the prosecutor’s office does not constitute good cause for a failure to give the required notice before trial, and hence, the inculpatory statements were not admissible.
Defendant, then 51 years of age, is a Nigerian citizen. He had studied in this country for 12 years and was working toward a master’s degree in chemistry. Defendant operated a taxicab on a part-time basis. He had never before been arrested or convicted for any crime or traffic offense.
On April 5, 1973, defendant, while operating his taxicab at low speed, five miles per hour, on defendant’s statement, in congested late afternoon traffic on the Grand Concourse in The Bronx, became involved in a traffic incident with the complainant, Miss Betty Britton. At trial, complainant testified that defendant’s vehicle had collided with her’s, scraping the side of her car from the driver’s door handle to the left front fender. Both cars allegedly pulled over. She stated that, when confronted by her, defendant had asserted that her automobile had struck his taxicab. When she demanded his operator’s license, vehicle .registration, and insurance card, defendant did not respond but immediately drove from the scene. She claimed that damages of $107 were caused to her automobile.
Testifying in his own behalf, defendant recalled that he had been alerted by one of his passengers that a woman driver was driving too close to his taxicab, and that they had ex *322 changed warnings to remain in their own lanes. Defendant maintained, however, that no “accident” ever occurred.
After complainant had testified, the People called a New York City detective to the stand. The detective testified that he had questioned defendant on April 11, 1973, after advising him of his right to counsel and to remain silent. The detective was then asked whether defendant had made any statements. At this point, defense counsel objected, on the ground that no notice of intention to use any of defendant’s statements had been given. The court permitted the prosecutor to serve the notice then and there, and granted an adjournment during which defense counsel would be allowed to examine the police officer to determine the voluntariness of the statements. Defense counsel, protesting that no “amount of adjournments” could cure the defect, proceeded after a midday recess.
At the afternoon hearing on the admissibility of defendant’s statements, the court reserved decision on the motion, and permitted the detective to continue testifying. The detective testified that defendant had stated to him that there had been an accident, and that he had said that the woman claimed that he had struck her automobile. Defendant, according to the police officer, also stated that he had not exchanged the necessary documents, although defendant did not say that he had been asked by complainant for an exchange. The court later denied the motion to suppress and permitted the police testimony to stand.
When the People intend to offer at trial evidence of statements made by a defendant to a police officer, which if involuntarily made would render the evidence of those statements suppressible, they "must serve upon the defendant a notice of such intention” before trial (CPL 710.30, subds 1, 2). Only upon a showing of “good cause” may the court permit service of the notice during trial with a reasonable opportunity to make a suppression motion during trial. In the absence of proper notice, however, no evidence of the statements may be received against a defendant, unless, despite a lack of notice, the defendant has moved to suppress the statements and the motion has been denied (CPL 710.30, subd 3).
The stated preference for pretrial notice of the People’s intention to use a defendant’s statements as evidence against him implements the purpose of the statute. That purpose, it has been repeatedly said, is to give a defendant adequate time to prepare his case for questioning the voluntariness of a *323 confession or an admission (People v Harris, 25 NY2d 175, 177, affd 401 US 222; People v Ross, 21 NY2d 258, 262; People v Schwartz, 30 AD2d 385, 388; People v Lee, 27 AD2d 700 [each construing former Code Grim Pro, § 813-f, the predecessor statute]; People v Utley, 77 Misc 2d 86, 95). The statutory procedure permits an orderly hearing and determination of the issue of the fact and voluntariness of statements before trial, thereby preventing the interruption of trial to challenge initially the admission into evidence of the statements (cf. People v Huntley, 15 NY2d 72, 78).
Moreover, pretrial notice affords defense counsel an opportunity, prior to trial, to investigate the circumstances of the alleged fact and voluntariness of the purported statements and prepare the defense accordingly (see People v Ross, 21 NY2d 258, 264, supra [dissenting opn], construing former Code Grim Pro, § 813-f; People v Utley, 77 Misc 2d 86, 94, supra). Although a defendant may often be aware of prior statements or even the likelihood that the prosecution will offer his prior statements as evidence against him at trial, there is a reasonable probability of his unawareness in some instances, or even a greater probability of his counsel’s unawareness (cf. Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.30, p 283). Thus, independent of considerations of challenging the voluntariness of his statements, considerations of fair play demand that a possibly unaware defendant be apprised before trial of any incriminating statements intended to be offered against him (see People v Utley, 77 Misc 2d 86, 94, supra).
If no notice is given before trial, the purposes of the statute may be defeated by allowing service of the notice at trial. Thus, as the statute unqualifiedly commands, only upon a showing of good cause may the court permit service of the notice at trial. The court must balance the reason for the failure to give proper notice against the harm to defendant and, if good cause be shown, may, in the interests of justice, permit service of the notice at trial. If this be done, defendant must be accorded a reasonable opportunity to move to suppress the statements and a reasonable time to prepare for a hearing (CPL 710.30, subd 2). In many cases, an adjournment will suffice; in others, a more extended period for investigation may be necessary.
If, however, no good cause is shown, a failure to give the required notice before trial mandates exclusion of those state- *324 merits (see People v Guerra, 30 AD2d 659; People v Lee, 27 AD2d 700, supra; cf. People v Spatarella, 34 NY2d 157, 163). To hold otherwise would be to condone and encourage noncompliance in the prosecutor’s office and to undermine the salutary purposes of the statute.
Defendant was never given notice before trial that his statements to the police would be used as evidence against him; nor did he move to suppress the statements before trial. Thus, absent a showing of "good cause” for the failure to give notice, the statements must have been excluded.
The People, alleging only a "lack of continuity” in the prosecutor’s office, have not shown good cause for their failure to give defendant the required notice before trial. In fact, it is questionable whether the prosecutor has shown any cause, good or bad. The term "lack of continuity” evidently referred, as the trial court seemed to believe, to the trial prosecutor’s lack of knowledge whether any pretrial notice had been served by his office. The record gives no further information, and the briefs do no better. Lack of continuity or other office failure does not constitute the "unusual circumstances” contemplated by the statute (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 710.30, p 283). Instead, the People’s failure to give notice, because of lack of continuity in the prosecutor’s office, is but another example of an absence of orderly office procedure. While this failure may be due, in some part, to a heavy workload in the prosecutor’s office, a failure is not excusable. As the court stated in Santobello v New York (404 US 257, 262), a case involving a lack of continuity in the same prosecutor’s office, "The staff lawyers in a prosecutor’s office have the burden of letting the left hand know what the right hand is doing’” (cf. Giglio v United States, 405 US 150, 154).
The issue is not a trivial or merely technical one. Prior statements, especially oral ones, to a police officer, are accorded high credibility by fact finders, jury or Judges. Whether in fact they were made, whether they were voluntary, and the precise form which they took may be crucial to the determination of innocence or guilt. To deprive defendants in criminal matters unnecessarily of an advance opportunity to investigate the facts and circumstances is neither fair nor conducive to establishing the truth through the adversary process with the assistance of counsel. A cavalier treatment of the statute’s requirements frustrates its ends.
*325 Because the complainant gave testimony which a fact finder might accept as probative of all the necessary elements of the offense, a dismissal of the complaint, otherwise indicated, would not be proper. Consequently, there must be a new trial.
Accordingly, the order of the Appellate Term should be reversed, the conviction vacated, and a new trial ordered.