THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE BOONE, Appellant.

Third Department, February 5, 1976

*Max H. Hershkowitz* for appellant.

*Elbert H. Watrous, Jr., District Attorney (John J. Connell* of counsel), for respondent.

GREENBLOTT, J. On September 10, 1974 the defendant shot and killed his next door neighbor, one Vernon Bostick, during a dispute over whether Bostick should move his car so as to allow Boone to travel over a common driveway. Thereafter, the defendant was indicted for the crimes of murder in the second degree and criminal possession of a weapon in the second degree. A suppression hearing and a *Huntley* hearing were held to determine the admissibility of certain statements

made by the defendant and of a revolver found in his living room shortly after the shooting incident. Thereafter, following a jury trial, defendant was found guilty of manslaughter in the first degree and criminal possession of a weapon in the fourth degree and was sentenced to a term of 5 to 15 years on the manslaughter charge, and to an unconditional discharge on the weapons charge.

A fatal error occurred when the People failed to comply with the notice provisions of CPL 710.30. At the trial, the court received into evidence a damaging statement allegedly made by defendant which was not testified to by the police officer at the *Huntley* hearing. Any statement taken by a police officer from a defendant is "involuntarily made" if it is made in violation of the defendant's constitutional rights (CPL 60.45, subd 2, par [b], cl [ii]). Whenever the People intend to offer at trial a statement which would be suppressed if involuntarily made, they must notify the defendant of such intention, "specifying the evidence intended to be offered" (CPL 710.30, subd 1), and absent such notice, the statement(s) may not be received in evidence. Here, the People sent the defendant a form notice stating simply "that upon the trial of the above-entitled action, (a) certain statement(s) by the defendant George Boone will be offered in evidence." The defendant subsequently moved to suppress the revolver and "a statement alleged to have been made by deponent." A hearing was held at which only two statements were discussed or even referred to in any way; a statement made to the investigating officer in Boone's living room was ordered suppressed, and a second statement made by Boone (after hearing his rights) in the car on the way to the police station was held admissible. This second statement was simply that Boone had shot his neighbor after a dispute over the driveway.

At the trial the People offered two additional statements into evidence, both of which had been made by Boone at the police station. The proof established that upon arriving at the police station, the defendant was again given his rights, and he requested Max Hershkowitz, Esq., as his counsel. Mr. Hershkowitz was called, but was not at home; his wife promised to have him call back when he arrived home. In the meantime, while waiting for the return call, Boone made a statement that after coming home from work on the day of the shooting, he went into his house to get his gun, loaded this gun, and that he subsequently went outside and shot Bostick.

This statement was in direct opposition to his testimony at trial that he had brought the gun to work that day because he was going to be bringing home a large sum of money, that the gun was thus already in his pocket when he arrived home, and that he shot Bostick out of fear that a physical movement by the victim was an attempt to produce a weapon. Obviously, this statement was extremely damaging because it tended to show that defendant's act was premeditated rather than a sudden act of self-defense. Defendant moved to deny admission of the statement into evidence on the grounds of noncompliance with the notice statute (CPL 710.30) and because the statement was involuntarily made. The motion was denied.

It is clear that a reversal is mandated. In *People v Spatarella* (34 NY2d 157, 162) where the People had failed to comply with CPL 710.30, the Court of Appeals stated, "[h]ad there been any allegation of involuntariness defendant would have been entitled to a hearing." In that case, the court refused to grant a new trial because defendant had objected to the evidence primarily on the grounds of surprise, and had not raised the issue of voluntariness; here the defendant has raised this issue. More recently, the Court of Appeals has taken an even firmer stand on the notice requirements of CPL 710.30. In *People v Briggs* (38 NY2d 319), the People delayed giving the required notice until trial because of "lack of continuity" in the prosecutor's office. Even though the Trial Judge granted an immediate adjournment for the purpose of determining the voluntariness of the statement to be offered, the Court of Appeals nevertheless reversed and ordered a new trial, finding that there was no good cause for the delay in giving notice. As the court stated: "If, however, no good cause is shown, a failure to give the required notice before trial mandates exclusion of those statements [citations omitted]. To hold otherwise would be to condone and encourage noncompliance in the prosecutor's office and to undermine the salutary purposes of the statute." The court stressed the importance of pretrial notice if the defendant is to be given adequate opportunity to investigate the facts, prepare a defense, and avoid surprise.

In the present case, although the defendant may have been apprised of his rights prior to making his third statement, there is nevertheless a question of voluntariness, since the statement was made *after* Boone had asked for his attorney.

Defendant also objected to the admission of a statement

which was made to his attorney on the telephone and overheard by the police. While the statement is not within the technical notice provisions of CPL 710.30, since it was not made to a public servant, defendant contends that admission of the statement would be a violation of the attorney-client privilege. If defendant voluntarily made the statement with full knowledge of the officers' presence and no attempt to prevent them from hearing, no privilege would attach (see *People v Decina,* 2 NY2d 133, 145; *People v Cooper,* 307 NY 253). However, if defendant sought and was deprived of the opportunity for a private conversation with his attorney, then a question as to deprivation of counsel is raised. In view of the necessity of a hearing on the voluntariness of defendant's third statement, the circumstances of the statement to his attorney should also be disclosed.

The record establishes no error as to the conviction for criminal possession of a weapon in the fourth degree, and defendant's other contentions relating to the manslaughter charge are without merit.

The judgment should be modified, on the law, by reversing so much thereof as convicts the defendant of manslaughter in the first degree and imposes punishment therefor and by directing a *Huntley* hearing in accordance with this opinion and a new trial on a charge of manslaughter in the first degree, and, as so modified, affirmed.

HERLIHY, P. J., KOREMAN, MAIN and REYNOLDS, JJ., concur.

Judgment modified, on the law, by reversing so much thereof as convicts the defendant of manslaughter in the first degree and imposes punishment therefor, and by directing a *Huntley* hearing in accordance with this opinion and a new trial on a charge of manslaughter in the first degree, and, as so modified, affirmed.