■ The People of the State of New York, Respondent, v Anthony L. Edwards, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered November 30, 1973, convicting him of possession of weapons, etc., as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. During the trial, the court questioned the arresting officer and, over strenuous objections, brought out the substance of a postarrest statement made by defendant to the effect that he had "brought the guns up from Florida." Defendant contends on appeal, *inter alia,* that it was error to receive this statement in evidence against him because the People had never served him with a notice of intent to do so (see CPL 710.30, subd 1). Since the required notice was not served by the prosecutor, the elicitation of the statement by the trial court, and its reception in evidence against defendant, plainly violated the prohibition contained in the statute (see CPL 710.30, subd 3). However, in light of the overwhelming proof of defendant's guilt, it is our opinion that the error was harmless beyond a reasonable doubt (see CPL 470.05, subd 1; *People v Crimmins,* 36 NY2d 230). We are fully cognizant of the recent decision of the Court of Appeals in the case of *People v Briggs* (38 NY2d 319), in which a conviction was reversed because such evidence was received despite the failure to give the statutory notice. We feel, however, that the *Briggs* case is clearly distinguishable. In *Briggs* the defendant took the stand and contradicted the complainant's recounting of the events surrounding the alleged hit and run accident. At the close of the defendant's testimony, the prosecution, despite its failure to serve the statutory notice, called witnesses to testify concerning a postarrest statement of the defendant which contradicted his testimony at the trial. *Briggs* was thus a close case in which the improperly admitted postarrest statement undoubtedly tipped the scales of credibility in favor of the prosecution. In this case there was no such conflict in the evidence. The overwhelming weight of the credible evidence clearly established beyond a reasonable doubt that defendant had possessed the guns as charged. Under the circumstances, the judgment should be affirmed. Hopkins, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.