(August 12, 1976)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH COOK, Appellant.—Appeal from a judgment of the County Court of Albany

County, rendered April 28, 1975, upon a verdict convicting defendant of the crimes of robbery in the first degree and burglary in the first degree. Edwin Hotaling and his wife were attacked by three intruders while sleeping in their home at 71 Beach Avenue, Albany, New York, during the early morning hours of November 18, 1974. The intruders wore stocking masks, were armed and demanded money and other valuables. They bound the couple together and ransacked the house. The three men then left the Hotaling home and started the Hotaling automobile. The Hotalings then untied themselves, clothed themselves, locked and barricaded their bedroom door. However, the men returned to the house and forced open the barricaded bedroom door. Mr. Hotaling was then assaulted and after tying up the couple again, the men left the house. Some days later the police obtained a search warrant for premises at 57 Dove Street, Albany, New York, and proceeded to that address. While they were there, the defendant arrived with another individual. The defendant was arrested by Officer Grugan who testified at the trial that as the defendant entered the apartment he noticed a pierced earring on the defendant's ear which the officer recognized as fitting the description of earrings taken from the Hotaling residence. The defendant was immediately arrested and given his *Miranda* rights. He was then taken to the Albany police station together with the seized contraband. There he was given his *Miranda* warnings a second time, waived his rights and made a written statement. Pursuant to CPL 710.30 defendant was notified before trial that his written confession was going to be used against him. Defendant moved for and was granted a *Huntley* hearing after which the confession was ruled admissible. On the trial, for the first time, Officer Grugan testified on his direct examination that after he placed the defendant under arrest at 57 Dove Street, he asked him about the earring in his ear. Grugan testified that the defendant stated that he got it out of the house at 71 Beach Avenue (the Hotaling residence). The jury was then excused and the defendant's attorney moved for a mistrial on the ground that he was taken by complete surprise since the oral statement had not been made known to him in advance of the trial by the prosecution. In the colloquy that followed, the Assistant District Attorney stated that the District Attorney's office was not aware that Detective Grugan had taken an oral statement from the defendant. The trial court then pointed out that the oral statement was merely a repetition of the written confession subsequently taken at the Albany police station since it consisted only of an admission that the defendant took the earring from 71 Beach Avenue at the time of the robbery. A suppression hearing was then ordered, at which the police officer testified as to defendant's statement about the earring. The next day the trial court denied defendant's motion to suppress the oral statement and offered the defendant an adjournment as well as ample opportunity to prepare his defense to the oral admission. Defense counsel refused an adjournment and the trial continued. The defendant was found guilty of two of five counts of the indictment and sentenced to an indeterminate term of up to 20 years on both counts, the sentences to run concurrently. We conclude that the conviction should be affirmed. The defendant's written confession put him at the scene of the crime with two others. Furthermore, it narrates a complete involvement in the crimes for which he was indicted. The People discharged their duty under CPL 710.30 of notifying the defendant that his written confession would be used against him. We agree with the trial court's conclusion that the oral statement should not be treated separate and apart from the written statement since it merely reiterated where defendant had obtained the earring which was

visible upon his ear. We also note that in his written confession the defendant stated that he and his companions left the Hotaling residence with "all the stolen items from the house" (among which was the earring). We also note that the situation which is here presented is not similar to the facts as presented in *People v Briggs* (38 NY2d 319). Under CPL 710.30 (subd 3), only upon a showing of "good cause" may the trial court permit service of notice during trial with a reasonable opportunity to make a suppression motion. In *Briggs,* the People alleged only a "lack of continuity" in the prosecutor's office as the reason for their failure to give defendant the required notice before trial. Here, we find no dereliction of duty on the part of the District Attorney's office. Police Officer Grugan did not reveal the oral statement to the District Attorney's office during his testimony before the Grand Jury nor did he reveal it in his testimony at the first suppression hearing covering the defendant's written confession. We are convinced that the District Attorney's office was genuinely surprised by this belated evidence. Thus good cause for the People's failure to give the required notice before trial was shown. Furthermore, we see no prejudice to the defendant since the trial court gave his counsel ample opportunity for an adjournment. We have examined the remainder of defendant's contentions and find them to be without merit. Judgment affirmed. Greenblott, J. P., Sweeney, Larkin and Reynolds, JJ., concur; Main, J., dissents and votes to reverse in the following memorandum. Main, J. (dissenting). I respectfully dissent. While I agree that the admission of the detective's testimony concerning the alleged oral inculpatory statement made by the defendant was harmless error (cf. *People v Crimmins,* 36 NY2d 230), the admission of detailed testimony respecting an alleged sexual assault upon Kathleen Hotaling was irrelevant, inflammatory and prejudicial and requires that defendant be granted a new trial. Generally, the prosecution "cannot prove against a defendant any crime not alleged in the indictment" *(People v Molineux,* 168 NY 264, 291), and the first four *Molineux* exceptions to this rule are plainly inapplicable here. Moreover, although the People contend that the testimony of Mrs. Hotaling relating to the alleged assault falls within the fifth exception as being part of the narrative and establishing her opportunity to identify the defendant as her assailant, this argument is without merit and must be rejected. An examination of the record reveals that Mrs. Hotaling never identified defendant as one of the intruders in her home and, in fact, that she was unable to identify any of the three men involved in the burglary and robbery. In addition and most significantly, her testimony regarding the alleged assault was absolutely devoid of any indication that the defendant was the perpetrator thereof. Such being the case, the testimony, while not indispensable to the People's case, was highly prejudicial to the defendant, as was the prosecutor's summation wherein he inferred that the defendant was the assailant. Accordingly, even assuming there was overwhelming evidence of guilt, I conclude that defendant was denied a fair trial by these circumstances and that a new trial should be ordered (cf. *People v Crimmins, supra; People v Atkins,* 7 AD2d 393).