■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY JOHNSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 20, 1974, convicting him of robbery in the first degree, grand larceny in the third degree, burglary in the first degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of grand larceny in the third degree, and the sentence imposed thereon, and the said count of the indictment is dismissed. As so modified, judgment affirmed. While it was error for the trial court to permit two prosecution witnesses who had previously identified the defendant to testify to his identity in court, as notice of said prior identification had not been given by the prosecution as required by CPL 710.30 (subd 1), we view the remaining evidence of guilt, including testimony validly received, of identification by a witness, as so overwhelming as to render the error harmless beyond a reasonable doubt (see CPL 470.05, subd 1; *People v Crimmins,* 36 NY2d 230; *People v Edwards,* 51 AD2d 807; cf. *People v Briggs,* 38 NY2d 319). Nevertheless, since it clearly appears that, under the facts of this case, defendant could not have committed robbery in the first degree without having also committed grand larceny in the third degree, the guilty verdict as to the former count required the dismissal of the latter count as a matter of law (see CPL 300.40, subd 3, par [b]; *People v Grier,* 37 NY2d 847; *People v Zachary,* 51 AD2d 1011; *People v Sistrunk,* 46 AD2d 914). Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.