Jasen, J.
(dissenting). In my view, the People have established "good cause” justifying their filing of a late notice of intention to offer at trial an oral statement made by defendant to an arresting police officer. I, therefore, respectfully dissent.
Defendant was tried and convicted before a jury of the crime of robbery in the first degree. At trial during cross-examination, defense counsel asked one of the arresting police officers whether defendant had made any statements at the time of arrest, to which the officer responded: "You want the truth?” An immediate bench conference was held at which it became apparent for the first time that defendant had made inculpatory admissions to the officer concerning disposal of the weapon used in the robbery and the first name of an accomplice. When the court determined that the Assistant District Attorney had been unaware of these statements, the court temporarily dismissed the jury and held a Huntley hearing to determine their admissibility. At the conclusion of the hearing, the court held defendant’s statements admissible, concluding that defendant, after having been properly advised, made a knowing and voluntary waiver of his constitutional rights.
The majority concludes that the trial court erred in admitting defendant’s statements because the People failed to serve defendant with timely notice of intention to offer this evidence at trial pursuant to CPL 710.30. More importantly, the majority further concludes that the People have failed to demonstrate "good cause” for their delay. Support for this novel proposition is garnered from this court’s decision in People v Briggs (38 NY2d 319, 321), in which we held that " 'lack of continuity’ or other office failure” does not constitute "good cause” permitting a late filing of the notice required under *872 CPL 710.30. Without more, the majority equates office failure with the present situation, concluding that the police officer’s failure to inform the District Attorney of defendant’s incriminating statements prior to trial is "no different in principle”. I do not share this view.
The lack of continuity or office failure which we refused to condone in Briggs took the form of a lack of knowledge on the part of the prosecutor as to whether any pretrial notice had been served on the defendant. In holding that "good cause” had not been demonstrated, we echoed the Supreme Court’s admonition in Santobello v New York (404 US 257, 262) that " '[t]he staff lawyers in a prosecutor’s office have the burden of "letting the left hand know what the right hand is doing” ’ ”. (38 NY2d, at p 324, supra.)
The present case is not, however, a case of office failure. Nothing in Briggs suggests that good cause for late filing may not be shown where a prosecutor, in good faith, learns for the first time at trial that one of his witnesses has failed to disclose the full extent of his information about the defendant. Here, the prosecutor had been advised by affidavit that no inculpatory statements had been made by defendant. No one contends that he was anything but legitimately surprised by the officer’s testimony at trial. I believe this is sufficient to constitute "good cause”.
Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Jasen, dissents and votes to affirm in a separate opinion.
Order reversed, etc.