THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG A. BENNETT, Appellant.

Third Department, April 9, 1981

**APPEARANCES OF COUNSEL**

*J. Raymond Fisher* for appellant.

*Sol Greenberg, District Attorney (George H. Barber* of counsel), for respondent.

OPINION OF THE COURT

KANE, J. P.

■ ■ Upon the execution of a warrant directing the search of an apartment occupied by defendant, police officers discovered and seized a quantity of controlled substances. They included marihuana contained in a metal box under defendant's immediate dominion, and an envelope of cocaine found in the pocketbook of a 15-year-old female who, along with five others, was also present in the apartment when the police entered. In a subsequent written confession, defendant assumed complete responsibility for this contraband, stating that "they [the others in the apartment] did not know anything about the pot, coke or pills that I had in the house" and that "all the drugs and drug related items in the house were mine." Following a trial, the charge involving marihuana was withdrawn from jury consideration and a guilty verdict was returned on the remaining count accusing defendant of possessing the narcotic drug cocaine with intent to sell it (Penal Law § 220.16, subd 1). On this appeal, defendant urges reversal based on an alleged defect in the search warrant and the improper admission of an oral statement. We reject both contentions and affirm the judgment.

■ During a pretrial suppression hearing, it was established that the search warrant and the application supporting it (an affidavit submitted by a police officer) were both dated February 5, 1979. In addition to other matters, the application referred to the purchase of "white pills" from defendant by a confidential informant on January 26, 1979. The officer testified on cross-examination that he prepared the affidavit on the day a laboratory analysis of the pills was received, but that document was shown to bear the date of February 9, 1979. Notwithstanding this apparent discrepancy, it was entirely proper for the trial court to conclude that the application and warrant were duly executed. The affidavit made no mention of an analysis and the results of such a test were not essential to a finding of probable cause. While the officer may have been mistaken in one particular, or the report itself may have been incorrectly dated, the trial court was free to credit his otherwise

unequivocal account that the completed application was presented and sworn to before the issuing Magistrate.

More difficult to resolve is defendant's assertion that the prosecution failed to adequately comply with the notice requirement of CPL 710.30 (subd 1), thereby rendering inadmissible a certain oral statement received in evidence at the trial over his objection (CPL 710.30, subd 3). After being notified that the prosecution intended to offer both a written and an oral statement upon trial, defendant made an omnibus motion in which he sought, among other items, discovery of any note, report or memorandum containing a summary of any statement he allegedly made. In response, the prosecution consented to provide him with a copy of the afore-mentioned confession and specified that the "sum and substance" of his oral statement was contained in that writing. Following a *Huntley* hearing, the trial court found that all statements made by defendant were voluntary and denied his motion to suppress them. The propriety of that ruling is not challenged. At trial, the confession was received in evidence without further protest, but when the police officer who reduced it to writing was asked by the prosecutor whether he had a discussion with defendant about the ownership of the pocketbook in which the cocaine was discovered, objection was immediately voiced to the introduction of any material not contained in the notice, pleadings or minutes of the *Huntley* hearing. Ultimately, the objection was overruled and the officer recounted that defendant said the envelope belonged to him and that he had placed it in the pocketbook as the police entered the apartment.

■ Initially, we note that since discovery is directed at the production of tangible property and is not the equivalent of disclosure in civil proceedings, there was no prosecutorial error in failing to provide defendant with the *contents* of any contemporaneous or additional oral statements he may have made which were not recorded (CPL 240.10, subd 3; 240.20, subd 1, par [a]; see Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.10, 240.20, pp 310, 313, Supplementary Pamphlet 1972 to 1980). The notice that such an oral admission ex-

isted, and the further advice that it was, in "sum and substance", the same as the written confession, plainly fulfilled the obligation imposed by CPL 710.30 (subd 1) of "specifying the evidence intended to be offered." Nevertheless, relying on *People v Greer* (42 NY2d 170) and *People v Briggs* (38 NY2d 319), defendant maintains that the subject matter of his alleged oral admission differed from his confession to such a material degree that additional notice was required. We disagree.

The primary function of the 710.30 notice is to afford the defendant a reasonable time to contest the voluntariness of admissions in an orderly procedural fashion (cf. *People v Harris*, 25 NY2d 175; *People v Ross*, 21 NY2d 258). More recently, it has been suggested that considerations of fair play are also advanced by the notice requirement for it allows the fact of the purported statement to be investigated before trial (see *People v Briggs*, 38 NY2d 319, 323, *supra*). Here, defendant's confession mentioned "coke" and the only cocaine discovered in the apartment was located in the pocketbook. Thus, the notice was not deficient in the sense encountered in *People v Greer* (42 NY2d 170, *supra*), for defendant's attorney was plainly aware that *some* oral conversation regarding that drug occurred when the confession was obtained. Moreover, unlike *People v Ludolph* (63 AD2d 77), a pretrial hearing was conducted where defendant's attorney was free to explore the substance of any utterances allegedly made by his client. Lastly, *People v Briggs* (38 NY2d 319, *supra*) is inapposite for in that case there was no pretrial notice to trigger a *Huntley* hearing. While gamesmanship is to be avoided in this area (see *People v Briggs*, 38 NY2d 319, *supra* [dissenting opn]), we are satisfied that defendant received a full opportunity to question the nature and voluntariness of any statement he made to the police. In conclusion, we agree with the trial court's observation that the challenged oral admission was substantially the same as the written confession.

The judgment should be affirmed.

MAIN, MIKOLL, YESAWICH and WEISS, JJ., concur.

Judgment affirmed.