■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BOUGHTON, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 22, 1985, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

The issue before us is whether the failure of the People to

comply with the provisions of CPL 710.30 requires a reversal of defendant's conviction. It is acknowledged that the People failed to apprise defendant of their intention to offer into evidence a statement made by him to the police as required by CPL 710.30 (1) and (2).

A notice had been originally served to that effect, but it was recalled by the District Attorney in error on the omnibus motion appearance of defense counsel. Immediately before the commencement of jury selection, the District Attorney informed defendant that there was in fact a statement which would be offered. A supplementary hearing was held by County Court after jury selection and over defendant's objection. The statement was found to be admissible and the trial followed. The only justification offered by the People was office error. Under like circumstances, the Court of Appeals in *People v Briggs* (38 NY2d 319) found that a lack of office continuity or other failure in the prosecutor's office does not constitute good cause to excuse failure to serve notice under CPL 710.30. If good cause is not shown, a failure to give notice before trial mandates exclusion of the statement. The statement in the instant case was found to be spontaneous and was admitted in evidence.

Does County Court's error require a reversal? In *People v Johnson* (54 AD2d 586), where remaining evidence of guilt was found to be overwhelming, the error was deemed harmless and the conviction was upheld. The People contend that the error here was harmless also. We concur. The evidence of defendant's guilt is overwhelming in the instant case. Under such circumstances, no reversal is indicated.

Judgment affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.