■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON GHOLSTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered October 24, 1988, convicting him of robbery in the third degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Prior to trial, the People notified the defendant that the complainant had been unable to identify him. During trial, the complainant testified, through an interpreter, that he had "identified" the defendant at the police station. However, two police officers testified that the complainant was unable to identify the defendant, and the complainant himself testified that he only saw the defendant from the back. In light of the language difficulty, it is unclear what the complainant meant by "identified", and the defendant declined to probe the complainant further to clarify what was meant. Thus, the record does not establish that such an identification was ever made. Under these circumstances, we find no violation of CPL 710.30. In any event, in light of the overwhelming evidence of the defendant's guilt, any error in this regard was harmless (see, People v Crimmins, 36 NY2d 230, 241-242; People v Pinney, 136 AD2d 573; People v Edwards, 51 AD2d 807).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.