The People of the State of New York, Respondent,
against
Louis G. Brigandi, Appellant.




Young and Young, LLP (Richard W. Young, Sr., Esq.), for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff, Esq.), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Paul H. Senzer, J.H.O.), rendered May 28, 2015. The judgment convicted defendant, after a nonjury trial, of leaving the scene of an incident with property damage without reporting.




ORDERED that the judgment of conviction is reversed, on the law, and the matter is remitted to the District Court for a new trial.
On September 8, 2014, defendant was charged in a "simplified information/complaint," with leaving the scene of an incident without reporting (Vehicle and Traffic Law § 600 [1] [a]).
At a nonjury trial, a motorist testified that, on September 8, 2014, his 2008 Honda Civic had been struck by a black vehicle while his Civic had been stopped at a traffic light in a left-hand turning lane at Route 109 and East Carmans Road in East Farmingdale, Suffolk County. As a result, his vehicle sustained damage. The black vehicle left the scene. The driver of that vehicle did not provide his name, address, license, or insurance identification card. Sergeant Richard A. Grice of the Suffolk County Police Department testified that he responded to the scene of the accident and learned that the motorist had obtained the plate number of the vehicle that had left the scene from a woman who had witnessed the accident. Sergeant Grice further testified that he had obtained defendant's address from the Department of Motor Vehicles. Thereafter, Sergeant Grice went to defendant's home and saw a vehicle in the driveway with damage. Defendant spoke to Sergeant Grice outside defendant's home and admitted to Sergeant Grice that he had been involved in a motor vehicle accident and that he had left the scene without reporting. Defendant's counsel objected on the ground that he had not been provided with a CPL 710.30 notice of defendant's statement. The District Court determined that defendant was not entitled to such notice and admitted into evidence an accident report prepared by Sergeant Grice that contained defendant's admission. Defendant then moved to dismiss the accusatory instrument on the grounds that defendant had never been arraigned, that no opening statements [*2]had been made, and that no CPL 710.30 notice had been provided. The District Court denied the motion.
The court found defendant guilty as charged, and imposed a $250 fine, a $55 administrative fee, and a mandatory surcharge of $88.
Defendant's affidavit of errors raises only the CPL 710.30 notice issue. The court's return states that "[a] defendant charged with a non-criminal traffic infraction is not, as a matter of law, entitled to notice under § 710.30 of the Criminal Procedure Law." In his appellate brief, defendant repeats his claim regarding the lack of a CPL 710.30 notice, and also raises the arraignment and opening statements issues. 
The arraignment and opening statements claims are unpreserved as they were not raised in the affidavit of errors and the court's return (see People v Warfield, 50 Misc 3d 132[A], 2015 NY Slip Op 51945[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
CPL 710.10 (1) defines a "[d]efendant" as "a person who has been charged by an accusatory instrument with the commission of an offense." Penal Law § 10.00 (1), in pertinent part, defines an offense as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state." The penalty for a conviction of leaving the scene of an incident with property damage without reporting, a traffic infraction, is a sentence of imprisonment of up to 15 days and/or a maximum fine of $250 (Vehicle and Traffic Law § 600 [1] [a], [b]). CPL 710.30 (1) (a) requires that the People provide the defendant with prior notice of "evidence of a statement made by a defendant to a public servant, which statement, if involuntarily made, would render the evidence thereof suppressible upon motion pursuant to subdivision three of section 710.20." Based on these statutes, defendant was entitled to a CPL 710.30 notice. Indeed, in People v Briggs (38 NY2d 319 [1975]), the Court of Appeals determined that a CPL 710.30 notice was required in a case involving a charge of leaving the scene of an incident with property damage without reporting.
Accordingly, the judgment of conviction is reversed and the matter is remitted to the District Court for a new trial.
MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 10, 2017