People v Garcia (2020 NY Slip Op 51415(U))

[*1]

People v Garcia (Andrew)

2020 NY Slip Op 51415(U) [69 Misc 3d 146(A)]

Decided on November 19, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 19, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, J.P., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2018-1116 S CR

The People of the State of New York,
Respondent, 
against
Andrew J. Garcia, Appellant. 

Scott Lockwood, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from two judgments of the District Court of Suffolk County, Suffolk County Traffic
and Parking Violations Agency (Patricia Filberto, J.H.O.), rendered April 26, 2018. The
judgments, after a nonjury trial, convicted defendant of leaving the scene of an incident without
reporting property damage and speeding, respectively, and imposed sentences.

ORDERED that the judgments of conviction are reversed, on the law, the fines, if paid, are
remitted, and the simplified traffic informations are dismissed.
Defendant was charged in three simplified traffic informations with leaving the scene of an
incident without reporting property damage (Vehicle and Traffic Law § 600 [1] [a]),
speeding (Vehicle and Traffic Law § 1180 [a]), and abandoning a vehicle (Vehicle and
Traffic Law § 1224 [7]), respectively. Following a nonjury trial, the court found defendant
guilty of violating Vehicle and Traffic Law §§ 600 (1) (a) and 1180 (a), both traffic
infractions, and imposed sentences, but acquitted him of violating Vehicle and Traffic Law
§ 1224 (7). At the trial, defense counsel objected to the admission of statements that
defendant had allegedly made to the police officer who was investigating the incident on the
ground that there had been no CPL 710.30 notice of these statements. The People responded that,
when prosecuting a traffic infraction, there is no need for a CPL 710.30 notice and, in any event,
"a notice ha[d] been previously located." The court overruled the objection and allowed the
officer to testify regarding what defendant had told him at the scene of the incident. On appeal,
defendant contends, among other things, that the District Court of Suffolk County, Suffolk
County Traffic and Parking Violations Agency, in the absence of a CPL 710.30 notice,
improperly admitted [*2]statements alleged to have been made by
him to a police officer.
CPL 710.30 (1) (a) requires that the People provide a defendant with prior notice of
"evidence of a statement made by [that] defendant to a public servant, which statement if
involuntarily made would render the evidence thereof suppressible upon motion pursuant to
[CPL] 710.20 [3]" (see also People v Chase, 85 NY2d 493, 500 [1995]). "In the absence
of proper notice, however, no evidence of the statements may be received against a defendant,
unless, despite a lack of notice, the defendant has moved to suppress the statements and the
motion has been denied" (People v Briggs, 38 NY2d 319, 322 [1975]; see People v
Brigandi, 57 Misc 3d 5 [App Term, 2d Dept, 9th & 10th Jud Dists 2017], lv denied
30 NY3d 1058 [2017]). Despite the People's contention to the contrary, as this court has
previously held, a defendant who is charged with a traffic infraction, for which a sentence to a
term of imprisonment and/or to a fine can be imposed, is entitled to a CPL 710.30 notice (see People v Marks, 63 Misc 3d
156[A], 2019 NY Slip Op 50820[U] [App Term, 2d Dept, 9th & 10th Jud Dists
2019]; People v Ermmarino, 60
Misc 3d 50 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; Brigandi, 57 Misc
3d at 7).
In view of the foregoing, the People were required, but failed, to establish at trial that they
had provided notice, in compliance with CPL 710.30 (2), to defendant or his attorney (see
Briggs, 38 NY2d at 323 ["Although a defendant may often be aware of prior statements or
even the likelihood that the prosecution will offer his prior statements as evidence against him at
trial, there is a reasonable probability of his unawareness in some instances, or even a greater
probability of his counsel's unawareness"]) of defendant's statements made to the police officer.
Since defendant had not previously moved for suppression, defendant's statements were not
permitted to have been used at trial as evidence against him (see CPL 710.30 [3];
Briggs, 38 NY2d at 322). In Briggs (38 NY2d at 324), the Court of Appeals
determined that, because the complainant gave testimony at trial which a factfinder might accept
as probative of all the necessary elements of the Vehicle and Traffic Law § 600 (1) (a)
violation involved therein, a dismissal of the accusatory instrument would not be proper and,
therefore, it ordered a new trial. Here, however, unlike in Briggs, absent defendant's
statements, the People failed to prove all of the necessary elements of the two traffic infractions
of which defendant was convicted, and, consequently, the simplified traffic informations are
dismissed.
In light of the foregoing, we need not address defendant's remaining contentions.
Accordingly, the judgments of conviction are reversed and the simplified traffic informations
are dismissed.
GARGUILO, J.P., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 19, 2020